## TUNE *v.* VAUGHAN.

### Opinion delivered April 12, 1926.

BANKRUPTCY—FAILURE TO PLEAD DISCHARGE.—Where a judgment is recovered in a State court after the defendant has been discharged in bankruptcy, no matter when the action was begun, it is valid and enforceable, for the bankrupt has had his opportunity to plead his discharge in bar.

Appeal from Miller Circuit Court; *James H. McCollum,* Judge; affirmed.

*John N. Cook,* for appellant.

*Will Steel,* for appellee.

SMITH, J. On November 9, 1923, appellees sued appellant in the Miller Circuit Court on a promissory note which he had signed as an accommodation indorser for appellant and had been required to pay. On January 2, 1924, appellant filed in the District Court of the United States for the Eastern District of Texas his peti-

tion and schedule in bankruptcy, and was on January 14, 1924, adjudged a bankrupt, and on March 29, 1924, was granted a discharge from all his indebtedness, including the note above mentioned. Upon filing the petition the referee in bankruptcy mailed to appellee notice thereof. No trustee in bankruptcy was ever appointed, because there were no assets. On June 12, 1924, at a regular term of the Miller Circuit Court, judgment was taken by appellee against appellant by default, and, after the adjournment of the term at which this judgment was rendered, process was issued to collect the judgment. Thereupon appellant filed in the Miller Circuit Court a petition under § 6290, C. & M. Digest, to vacate this judgment, and upon the hearing of this petition same was overruled, and this appeal is prosecuted to reverse that action.

The petition to vacate the judgment recites the facts stated above, and alleges that the petitioner is inexperienced in court proceedings, and that he did not employ an attorney to represent him in the suit pending in the Miller Circuit Court for the reason that he was of the opinion, generally entertained by laymen, that his discharge in bankruptcy relieved him from all liability and operated as a stay and bar of appellee's suit, and that he had no notice that appellee would proceed with his suit after the discharge in bankruptcy had been obtained.

Appellant was duly served with summons when the suit was filed against him in the Miller Circuit Court, and he was not entitled to any other notice. He was required thereafter to take notice of any proceeding in that court.

Upon filing his petition in bankruptcy appellant might have procured a stay of proceedings in the State court, and, if necessary, might have enjoined any proceedings therein pending the hearing of his petition in bankruptcy. Collier on Bankruptcy (13th ed.), vol. 1, page 410. But he did not do this. Appellant received his discharge on March 29, 1924, and he thereafter had ample time to plead his discharge in bar of the pending suit in the Miller Circuit Court, but this was not done. He suffered judgment to be rendered against him under the

misapprehension that his discharge automatically terminated the pending suit against him. In this he was mistaken.

In Loveland on Bankruptcy, vol. 2, page 1400, § 802, it is said: "A discharge in bankruptcy may be pleaded in bar of an action founded upon a debt released by it. A State court does not lose jurisdiction of the person of a defendant by his being adjudged a bankrupt. A judgment may be rendered against him if he does not plead his discharge. Unless a defendant pleads his discharge, he is deemed to have waived it as a defense. No court except the bankruptcy court is bound to take notice of the discharge unless pleaded. No proceeding in bankruptcy can be pleaded in bar of an action upon ante-bankruptcy debts except the discharge."

In the case of *First Nat. Bank of Broadway* v. *Coates,* 32 Am. Bankruptcy Reports 361, the West Virginia Supreme Court of Appeals held (to quote a syllabus): "This court will not dismiss an appeal, as presenting only a moot question, because defendant was discharged in bankruptcy pending the appeal. To avail as a defense to a pending suit in a State court, a subsequent discharge in bankruptcy must be pleaded. The discharge does not *ipso facto* oust the State court of jurisdiction to render judgment."

In the case of *Griffith* v. *Adams,* 52 Atl. 66, it was said by the Court of Appeals of Maryland: "There is nothing in the nature or effect of a plea of discharge in insolvency which can take it out of the operation of the practice act. A discharge in insolvency is of no avail unless pleaded, and, if pleaded, it must be pleaded in manner and form required by the statute governing the entry of judgments."

In the case of *Crocker* v. *Bergh,* 34 Am. Bankruptcy Reports, 190, the Supreme Court of Minnesota held: "A judgment recovered against a bankrupt after the commencement of proceedings in bankruptcy and before his discharge is annulled thereby, and he has the absolute right, if not guilty of laches, to have further proceedings

thereon perpetually enjoined, for he had no opportunity to plead in bar a discharge which had not then been granted. On the other hand, where the judgment is recovered after the discharge has been granted, no matter when the action was begun, it is valid and enforceable, for the bankrupt has had his opportunity to plead in bar his discharge'' (Citing cases).

See also Collier on Bankruptcy (13th ed.), vol. 1, page 413; *Bank of Commerce* v. *Elliott*, 85 N. W. 417; *Lane* v. *Holcomb*, 65 N. E. 794; *Dimock* v. *Revere Copper Co.*, 117 U. S. 559; *Boynton* v. *Ball*, 131 U. S. 457.

The motion to vacate the judgment of the court below was therefore properly overruled, and that judgment is affirmed.