Benjamin J. MITCHELL, Appellant,

v.

WELLSTON BOARD OF EDUCATION
et al., Respondents.

No. 39565.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 23, 1978.

Ettie L. Collier, St. Louis, for appellant.

Thomas E. Tueth, St. Louis, for respondents.

CLEMENS, Presiding Judge.

Defendant Board of Education employed plaintiff Benjamin Mitchell as its school principal for a two-year term. Defendant discharged plaintiff at the end of the first year without stating reasons and plaintiff sued for breach of contract. The trial court summarily dismissed plaintiff's petition for failure to state a claim and he has appealed. We find the petition sufficient and reverse and remand.

Summary of employment contract: Plaintiff agreed to serve "effectively" as school principal at specified salaries for each of two years and agreed to abide by the board's rules and directions. The two-year term was to terminate if plaintiff became legally unqualified or permanently disabled, if he breached the employment contract or committed any act "which would constitute cause for dismissal of a tenured teacher."

Summary of plaintiff's petition: The board employed plaintiff in accordance with the above contract. Plaintiff rendered the agreed services for the first year. At the end of the year the board terminated plaintiff's employment without cause and without stating a reason. The board has not paid plaintiff for any part of the second year of his two-year term.

In judging the sufficiency of plaintiff's petition we note Rules 55.04 and 55.05, VAMR, declaring that without requiring technical forms a pleading shall be simple, concise and direct, and shall be "a short and plain statement of the facts showing the pleader is entitled to relief." In *Young v. Lucas Construction Company*, 454 S.W.2d 638[5] (Mo.App.1970), a similar petition was summarily dismissed and we reversed, holding: "If the facts pleaded, and the reasonable inferences to be drawn therefrom, looked at most favorably from plaintiffs' standpoint, show any ground for relief then the amended petition should not have been dismissed."

So construed, plaintiff's petition pleaded the ultimate facts of his performance of the

**144**

contract and the board's breach thereof by summarily discharging him without stated cause. In its brief the board argues its contract "clearly contemplates that the board has the sole discretion to determine whether appellant's services as principal were satisfactory." We disagree. The contract says nothing about such unlimited discretion by the board to determine its satisfaction with plaintiff's performance. The contract does require plaintiff to perform effectively and he so alleged. "Matters seeking avoidance of a valid contract are affirmative defenses which must be set out in the pleadings." *Semo Grain Co. v. Oliver Farms, Inc.*, 530 S.W.2d 256[1–2] (Mo.App. 1975). "The requirement that an affirmative defense be pleaded is not a mere technicality. It is necessary to the fair and orderly administration of justice." *Winthrop Sales Corporation v. Shelton*, 389 S.W.2d 70[4, 6] (Mo.App.1965).

It may well be that plaintiff breached the employment contract. If so, as required in *Winthrop, supra*, that may be pleaded and proven in "the fair and orderly administration of justice."

Reversed and remanded.

SMITH and McMILLIAN, JJ., concur.