The SOCIETY FOR THE PRESERVATION OF ST. LOUIS LODGE # 20, AF & AM, Plaintiff-Appellant,

v.

The MASONIC TEMPLE ASSOCIATION OF ST. LOUIS, Defendant-Respondent.

No. 48750.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 1985.

Melroy B. Hutnick, Belleville, for plaintiff-appellant.

Alan E. Dewoskin, Clayton, for defendant-respondent.

CARL R. GAERTNER, Judge.

This is an appeal from a summary judgment in favor of defendant, Masonic Temple Association of St. Louis (Association), in an action for declaratory judgment brought by plaintiff, the Society for the Preservation of St. Louis Lodge # 20, AF & AM (Lodge). The trial court held that Lodge's lawsuit was barred by the doctrine of res judicata. We affirm.

Lodge and various other masonic lodges and chapters in the St. Louis area formed the Association as a not-for-profit corporation by pro forma decree in 1917. The corporate purpose was to "finance, locate, erect, build, establish, furnish, equip, maintain and operate a Masonic Temple or Temples." A new Masonic Temple was completed in 1926. In March, 1971, the Association's Board of Directors approved the sale of three parking lots owned by the corporation. Lodge sent notice to Association indicating that it was moving from the temple and withdrawing from the corporation. Thereafter, Lodge neither participated in the Association's management nor paid for the maintenance of the temple.

Association then filed an action for declaratory judgment against Lodge and others seeking, among other things, a judgment that Lodge was liable for its share of the costs of the temple's maintenance and a determination that it could not unilaterally terminate its membership. Lodge denied each allegation of Association's petition and affirmatively alleged conflicts of interest in connection with the sale of the parking lots as a violation of the fiduciary duties owed by the officers and directors to Lodge. A judgment favorable to Lodge in the trial court was reversed and remanded by this court in *Masonic Temple Association of St. Louis v. Victor*, 561 S.W.2d 427 (Mo.App.1977).

While the *Victor* case was still pending in the trial court, the present action was filed. In its petition, Lodge here prays for a judgment declaring that the Association's officers and directors, in breach of their fiduciary responsibilities, fraudulently concealed material information relative to the value of the parking lots, thereby inducing Lodge to withdraw from the corporation. The petition further prays for a declaration that Lodge is entitled to an equitable interest in the corporation.

After this petition was filed, the *Victor* case proceeded to trial. We have not been furnished with a copy of the final judgment entered in that case. However, in this case, the trial court's order sustaining Association's motion for summary judgment recites:

> That in Cause No. 39051–F [the Victor case] rendered by this Court on July 7, 1983, the issue of the sale of the property in question was argued and ruled upon.
>
> The court made a finding that:
> Considerable testimony and cross-examination was offered on this subject. Although selling procedures could possibly have been improved, the evidence offered does not support a conclusion of wrongdoing or personal benefit on the part of the individuals involved in the transaction.
>
> Plaintiff's action for a Declaratory Judgment relies on a theory of fraud by concealment by the defendants.
>
> The court finds that the issue having been ruled upon by a previous court and said order being a final order sustains defendant's motion for Summary Judgment because the particular relief prayed for by the defendant has been litigated by this Court and there is no genuine

issue as to any material fact remaining in this case.

This case and the *Victor* case are between the same parties,[1] arose out of the relationship between the Lodge and the Association and involved the sale of parking lots by the Association. Indeed, in the *Victor* case, Lodge resisted Association's suit to annul the former's withdrawal, contending it was justified by reason of the breach of fiduciary duty by Association's officers and directors. In this case, Lodge seeks to avoid the financial implications of its unilateral withdrawal because of the breach of fiduciary duties of Association's officers and directors. The claim asserted in the instant case should have been asserted by Lodge as a compulsory counterclaim in the *Victor* case. Rule 55.32(a) provides in part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

No third party was required in order to adjudicate fully the respective claims of the parties arising out of Lodge's withdrawal from the Association prompted by the sale of the parking lots.

It matters not that the breach of fiduciary duty was denominated as an affirmative defense in the *Victor* case and as the basis for the cause of action here.

> It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties

or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. *Jackson v. Hartford Accident & Indemnity Company*, 484 S.W.2d 315, 321[1] (Mo.1972).

*Moreland v. State Farm Fire & Casualty Company*, 662 S.W.2d 556, 567–68 (Mo. App.1983).

Likewise, the fact the breach of fiduciary duty was labelled "conflict of interest" in the *Victor* case and "fraudulent concealment" in the instant case is equally irrelevant. The ultimate fact, the breach of fiduciary duty, was determined by the *Victor* court in its finding that "the evidence offered does not support a conclusion of wrongdoing or personal benefit on the part of the individuals involved in the transaction."

■ A party may not litigate an issue and then, upon adverse verdict, revive the same claim on cumulative grounds which could have been brought before the court in the first proceeding. *Stadium Bank v. Milton*, 589 S.W.2d 338, 342 (Mo.App.1979).

We are not unmindful that Lodge's motion to consolidate this action with the *Victor* case was denied by the trial court. Nor do we overlook the averment of Lodge's affidavit in opposition to the motion for summary judgment alleging, in conclusionary fashion, that no evidence of fraud was offered in the *Victor* trial because no issue of fraud was asserted therein. The fact that Lodge chose not to file a counterclaim nor to offer evidence that the fiduciary duty owed to it by the Association's officers and directors was breached by fraudulent concealment is not determinative. In *Dreckshage v. Community Federal Sav-*

---

1. The action was originally brought in the name of St. Louis Lodge #20, Ancient Free and Accepted Masons, an unincorporated association; Charles Goldstein, M. Robert Berger and David Victor, as representatives of the Association.

Subsequently, plaintiff's motion to substitute as party plaintiff the Society for the Preservation of St. Louis Lodge #20 as the successor of the unincorporated association was sustained.

**840**

*ings and Loan,* 641 S.W.2d 831 (Mo.App. 1982) prior litigation of a claim based upon fraud was held to preclude a subsequent action based upon breach of fiduciary duty between the same parties and arising out of the same transaction. The court stated:

> If there is but one transaction, "the failure to tender an issue which is available prior to rendition of the judgment precludes its being raised thereafter in a proceeding between the same parties involving the same thing."

*Id.* at 834, *quoting from Winthrop Sales Corporation v. Shelton,* 389 S.W.2d 70, 73 (Mo.App.1965).

█ The first amended petition for declaratory judgment, in which Lodge alleged breach of fiduciary duty by reason of fraudulent concealment, was filed on June 28, 1976. Judgment was not entered in the *Victor* case until July 7, 1983. No appeal has been taken from that judgment. Both cases involve the identical transaction, Lodge's withdrawal from Association by reason of the parking lot sale. Lodge's failure to tender the issue of fraudulent concealment at the trial of the *Victor* case precludes the assertion of that issue here.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.