CREATIVE WALKING,
INC., Appellant,

v.

AMERICAN STATES INSURANCE
COMPANY, et al.,
Respondents.

No. ED 77226.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 29, 2000.

---

Arthur G. Muegler, Jr., St. Louis, for appellant.

Russell F. Watters, T. Michael Ward, Bart B. Zuckerman, St. Louis, for respondent.

RICHARD B. TEITELMAN, Judge.

Creative Walking, Inc. (hereinafter, "Appellant") appeals from an April 22, 1998 judgment and a September 10, 1999 judgment entered in the Circuit Court of the City of St. Louis dismissing, with prejudice, Appellant's four-count action for conspiracy, fraud, breach of contract, and vexatious refusal to pay against Respondents, American States Insurance Company (hereinafter, "American States"), Ted Hammer, American States' claims manager, and Schowalter & Jabouri, P.C., a public accounting firm and American States' agent. Appellant's action arises from American States' adjustment and payment of an insurance claim submitted by Appellant after its premises were flooded by a broken water main. On appeal, Appellant does not dispute that in a separate action a federal court determined that American States fully satisfied all of its contractual obligations to Appellant. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

American States issued a commercial property insurance policy to Appellant that provided coverage for loss of business income due to the suspension of Appellant's operations and for extra expenses incurred while trying to minimize the loss of business income. On February 5, 1996, during the policy's effective dates, the water main at Appellant's Clayton office broke. Appellant subsequently sustained a physical loss of its business personal property and temporarily suspended its operations.

Thereafter, Appellant filed a claim with American States. Ted Hammer, American States' claims manager, and Schowalter & Jabouri, P.C., a public accounting firm and American States' agent, participated in the claim's adjustment. During the adjustment, a dispute arose between American States and Appellant over the amount owed to Appellant under the policy's business income and extra expense coverages. After the conclusion of its investigation, American States determined that Appellant had sustained $14,723.87 in covered lost business income and extra expenses during the thirteen-day suspension of its business. American States then paid $14,723.87 to Appellant for the covered losses. Appellant insisted that the amount of its covered business income and extra expense loss was $94,000.00, resulting from the eighteen-week slowdown in business operations that followed the flood.

This dispute resulted in two lawsuits, one filed by American States in federal court, the other by Appellant in state court. On May 29, 1997, American States filed a Complaint for Declaratory Judgment in the United States District Court for the Eastern District of Missouri seeking a declaration that it owed no further payments to Appellant under the business income and extra expense coverages above and beyond the $14,723.87 it had already paid.

On June 30, 1997, Appellant filed a four-count Petition in the Circuit Court of the City of St. Louis against American States, Ted Hammer, and Schowalter & Jabouri. The counts were entitled: Count I – Civil Conspiracy; Count II – Fraudulent Misrepresentation; Count III – Breach of Contract; and Count IV – Vexatious Refusal to Pay. Count I was brought against all three defendants; Counts II, III, and IV were brought against American States only.

In Count I, Appellant alleged that Ted Hammer, Schowalter & Jabouri, and other agents and employees of American States,

acting within the scope of their agency or employment, participated in a broad conspiracy against American States' insureds. Appellant pleaded that American States, through its agents and employees, denied or threatened to deny claims on pretextual grounds and used various delaying techniques during the insurance adjustment process to coerce insureds, including Appellant, to settle claims for less than the contracted amount.

In Count II, Appellant alleged that American States intentionally misrepresented the coverage it would provide to Appellant under the policy. All of the alleged misrepresentations made by American States are contained in the policy's insuring agreements.

In Count III, Appellant alleged that American States breached its insurance policy by failing to timely pay sums due Appellant under the Policy.

In Count IV, Appellant alleged that American States' failure to timely pay sums due under the policy was vexatious and was without reasonable cause or reasonable legal excuse.

On November 21, 1997, American States moved for summary judgment in the federal action. American States argued that Appellant was entitled to business income and extra expense coverage for only thirteen days, and that the amount owed totaled $14,723.87.

On January 14, 1998, in Appellant's state court action, Ted Hammer, Schowalter & Jabouri, and American States separately moved to dismiss Appellant's Petition for failing to state a claim upon which relief can be granted. The trial court subsequently sustained Hammer's and Schowalter & Jabouri's motions and dismissed all claims against them with prejudice. In addition, the trial court sustained American States' motion as to Count II and dismissed Appellant's fraud claim against American States with prejudice. The trial court denied American States' motion as to Counts I, III and IV, and stated regarding

those claims that "if the federal court reaches trial first, this Court will accord proper preclusive effect to the result."

On August 17, 1998, the federal court sustained American States' summary judgment motion. It declared that American States' policy was unambiguous and that American States' payment of $14,723.87 to Appellant satisfied in full its contractual obligations to Appellant under the policy. Appellant appealed this judgment to the United States Court of Appeals for the Eighth Circuit.

While Appellant's Eighth Circuit appeal was pending, American States filed in the state court action a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment directed against Appellant's remaining claims. The trial court denied the motion, but stayed the state court action pending resolution of the appeal before the Eighth Circuit.

The Eighth Circuit affirmed the district court judgment on April 28, 1999. See, *American States Insurance Company v. Creative Walking, Inc.,* 175 F.3d 1023 (8 th Cir.1999). Thereafter, American States renewed its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment.

On September 10, 1999, the trial court sustained American States' motion and dismissed Appellant's remaining causes of action against American States with prejudice. The trial court based its decision on res judicata principles. The trial court explained as follows:

Based on res judicata of the opinions of the District Court and Eighth Circuit, the Court finds this case should be dismissed with prejudice against Defendant American States. This finding includes a claim for vexatious refusal to pay, because such a claim cannot be maintained where the court finds that the insurer had no duty under the policy.... Finally, a claim for conspiracy cannot be maintained without any separate underlying claims of wrongdo-

ing.... Accordingly, Plaintiff's conspiracy claim fails as well.

This appeal follows. Appellant challenges the trial court's dismissal of Counts I, II and IV of its Petition. It does not contest the dismissal of Count III of its Petition for breach of contract.

## DISCUSSION

Appellant raises three points on appeal. It argues that the trial court erred in (1) dismissing Counts I and IV against American States after determining that Counts I and IV were barred by the doctrine of res judicata; (2) dismissing Appellant's Count I claim against Ted Hammer and Schowalter & Jabouri; and (3) dismissing Count II against American States because Section 375.420, RSMo (1994) does not preempt a fraud cause of action.

### I

Appellant first argues that the trial court erred in dismissing Count I for civil conspiracy and Count IV for vexatious refusal to pay on res judicata grounds because the prior federal judgment did not adjudicate the issue of whether the Respondents implemented a tortious civil conspiracy by vexatiously delaying the insurance policy payment until May 1997.

The United States District Court for the Eastern District of Missouri held in *American States Insurance Company v. Creative Walking, Inc.*, 16 F.Supp.2d 1062 (E.D.Mo.1998), and the United States Court of Appeals for the Eighth Circuit affirmed, 175 F.3d 1023 (8ᵗʰ Cir.1999), that American States did not breach its insurance contract with Creative Walking, that American States fulfilled all of its contractual obligations to Creative Walking, and that American States paid Creative Walking everything that was owed under its policy for Creative Walking's loss. The Missouri trial court then dismissed Appellant's remaining causes of action against American States, finding that they were barred by the doctrine of res judicata. Appellant argues on appeal that American States failed to satisfy the essential elements of a res judicata bar in its Motion to Dismiss.

■ Res judicata, or claim preclusion, is a judicially created doctrine to inhibit multiplicity of lawsuits. *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 42 (Mo. banc 1999). Res judicata "precludes the same parties ... from relitigating the same cause of action." *Elam v. City of St. Ann*, 784 S.W.2d 330, 334 (Mo.App. E.D.1990), citing *American Polled Hereford Assoc. v. City of Kansas City*, 626 S.W.2d 237, 241 (Mo.1982). "A final judgment, rendered on the merits, by a court of competent jurisdiction is conclusive as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *State ex rel. J.E. Dunn Const. Co. v. Fairness in Const. Bd. of City of Kansas City*, 960 S.W.2d 507, 512 (Mo.App. W.D.1997).

■ For res judicata to adhere, "four identities" must occur: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made. *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991), citing *Norval v. Whitesell*, 605 S.W.2d 789, 790 (Mo. banc 1980). Res judicata applies to "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* Simply stated, a party may not litigate an issue and then, upon adverse verdict, revive the same claim on cumulative grounds that could have been brought before the court in the first proceeding. *Society for the Preservation of St. Louis Lodge No. 20, AF & AM v. Masonic Temple Ass'n of St. Louis*, 692 S.W.2d 837, 839 (Mo.App. E.D.1985).

■ Appellant argues that his state court action involves distinctly different causes of action, based upon different facts and evidence, than the contract declaratory judgment issues decided in the prior case. Count I asserted that an unlawful conspiratorial agreement implemented against Appellant while the claim was being adjusted caused Appellant to suffer damage, while Count IV sought vexatious delay damages based upon American States' "failure and refusal to timely pay [Appellant] the contracted indemnification benefits under Insurance Policy."

Though Appellant is correct that these are "different causes of action" than the declaratory judgment action filed by American States in federal court, it is incorrect in its assertion that the trial court misapplied the doctrine of res judicata in dismissing Appellant's suit.

■ "A former judgment operates as a bar 'not only as to all matters which were raised, but also as to all defenses which could have been raised.'" *Elam v. City of St. Ann,* 784 S.W.2d at 334, citing *U.S. v. Lufcy,* 329 Mo. 1224, 49 S.W.2d 8, 14 (Mo. 1932). The Missouri Supreme Court has stated:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief." *Jackson v. Hartford Acc. & Indem. Co.,* 484 S.W.2d 315, 321 (Mo.1972), citing *Butler v. Manley,* Mo.App., 416 S.W.2d 680, 682(1, 2).

The claims that Appellant attempted to assert before the trial court could have been brought before the federal court, either as defenses to American States' action, or as counterclaims.[1] Therefore, the trial court did not err in determining that these counts were barred by the doctrine of res judicata.[2] Point denied.

## II

Appellant next argues that the trial court erred in dismissing Count I against defendants Ted Hammer and Schowalter because Count I stated a civil conspiracy cause of action upon which relief might be granted in that (a) each of the essential elements of an actionable civil conspiracy claim was alleged; (b) the general rule that an agent cannot conspire with his principal was not applicable; and (c) sec-

1. Not only could Appellant have brought these claims before the federal court, but under Rule 13 of the Federal Rules of Civil Procedure, the claims *should* have been brought before the federal court. The relevant section of Rule 13 provides as follows:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third

parties of whom the court cannot acquire jurisdiction.

Appellant argues that both claims are separate causes of action, however they arose out of the same transaction or occurrence. Specifically, they involve American States' handling of Appellant's claim for flood damages under the insurance policy.

2. American States also argues that Appellant improperly tried to recast a contract claim as a conspiracy tort. As the claim is barred by the doctrine of res judicata, we need not reach the merits of this contention.

tion 375.420 does not preempt Appellant's claims.

■ A "civil conspiracy" is an agreement or understanding between persons to do an unlawful act, or to use unlawful means to do a lawful act. *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 780–781 (Mo. banc 1999) (citation omitted.). The conspirators must have "a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement." *Id.* at 781. "A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged." *Id.* at 781. However, "an identity between agent and principal leads to a legal impossibility in the context of conspiracy." *Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc.*, 931 S.W.2d 166, 176 (Mo.App. W.D.1996). "Two entities which are not legally distinct cannot conspire with one another." *Id.*, citing *Metts v. Clark Oil & Refining Corp.*, 618 S.W.2d 698, 702 (Mo.App.1981).[3]

■ Appellant specifically pleaded that Ted Hammer and Schowalter & Jabouri acted "within the scope of their respective employment/agency" with American States and on behalf of American States. As they acted as agents of American States, it would be legally impossible for them to conspire with American States to further American States' interests. Therefore, the trial court did not err in dismissing Count I against them. Point denied.

### III

■ Lastly, Appellant argues that the trial court erred in dismissing Count II against American States because section 375.420 does not preempt a common law fraud cause of action.[4] Appellant argues that Section 375.420 is not applicable because of the recent case *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62 (Mo. banc 2000), in which the Missouri Supreme Court stated it "cannot infer that the legislature intended, by providing the vexatious refusal to pay remedies in section 375.420, to immunize insurers against all other claims made by an insured for any conduct occurring during a claim determination." *Id.* at 68.

As previously discussed, however, a federal court determined that the amount American States had paid to Appellant pursuant to its calculation for Appellant's claim was correct. The evidence argued by Appellant in support of its fraud claim involves representations made to Appellant with regard to the insurance policy provisions already determined by the federal court to be unambiguous. Therefore, this

---

3. The only exceptions to this general rule are not applicable here. Under general agency law, "an agent can be liable for conspiracy with the principal if the agent acts out of a self-interest which goes beyond the agency relationship." *Metts*, 618 S.W.2d at 702. Appellant presents no evidence that Ted Hammer or Schowalter & Jabouri acted out of any "self interest" that would enable them to conspire with American States, even if Appellant had otherwise stated a valid cause of action. Further, though Appellant argues that an "exceptional circumstances" exception has been recognized by Missouri courts, we note that this "exception," originally derived from 6 C.J., Attorney and Client, § 114 (1916), has, to date, only been applied to attorneys who are guilty of "fraud, collusion, or a malicious or tortious act." See *Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc.*, 931

S.W.2d at 177; *Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 627 (Mo. banc 1995).

4. Section 375.420, RSMo provides as follows:

In any action against any insurance company to recover the amount of any loss under a policy ... if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

claim against American States could have been brought before the federal court and is now barred by the doctrine of res judicata. See, *Elam v. City of St. Ann*, 784 S.W.2d at 334; *Society for the Preservation of St. Louis Lodge No. 20, AF & AM v. Masonic Temple Ass'n of St. Louis*, 692 S.W.2d at 839; and *Jackson v. Hartford Acc. & Indem. Co.*, 484 S.W.2d at 321.[5] Point denied.

The judgment of the trial court dismissing Appellant's claims against American States, Ted Hammer and Schowalter & Jabouri is affirmed.

ROBERT G. DOWD, P.J., and MARY RHODES RUSSELL, J., concur.

---

5. We further note that *Overcast* concerned a defamation suit which, as the Supreme Court noted, is not related to the common law contract remedy. *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d at 70. Therefore, Appellant is incorrect in its assertion that *Overcast* allows an insured with a dispute against its insurance company to substitute a tort claim when a contract remedy is available.