# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 14-3210

_____

Sonya Hubbard, doing business as Moody Station and Grocery

*Plaintiff - Appellant*

v.

Federated Mutual Insurance Company

*Defendant - Appellee*

Don McKee, doing business as The Big Store; Jeremy D. McKee, doing business as The Big Store

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: June 11, 2015
Filed: September 8, 2015

_____

Before GRUENDER, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Sonya Hubbard sued Federated Mutual Insurance Co. in state court for vexatious refusal to pay a claim. Federated removed the case to federal court;

Hubbard moved to remand. The district court denied remand and dismissed Hubbard's claim. She appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.[1]

I.

Federated, a Minnesota corporation with its principal place of business in Minnesota, insured property owned by Hubbard, a Missouri citizen. She leased the property to Don and Jeremy D. McKee, also Missouri citizens. A fire damaged the property. Both Hubbard and the McKees, who said they exercised an option to purchase the property, made claims against Federated.

In November 2011, Federated filed an interpleader in the Western District of Missouri. *See Federated Mut. Ins. Co. v. Moody Station & Grocery*, No. 6:11-CV-03457 (W.D. Mo.) ("*Federated I*"), *appeal docketed*, No. 14-3847 (8th Cir. Dec. 19, 2014). Federated said it owed $40,980.95 and that Hubbard and the McKees disputed the distribution. Asserting that Federated owed more, Hubbard counterclaimed for vexatious refusal to pay. *See* **§ 375.420 RSMo.** ("[I]f it appears from the evidence that [an insurance] company has refused to pay [a] loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages . . . ."). The district court authorized Federated to deposit $40,980.95 with the court and dismissed Hubbard's counterclaim with prejudice for failure to state a claim.

The parties mediated. In a May 2013 e-mail to Federated's counsel and the McKees' counsel, Hubbard's counsel wrote:

---

[1]This opinion vacates the court's previous opinion of August 20, 2015.

The case or claim involving the McKee family is resolved. The terms agreed upon include the payment to the McKee defendants the sum of $10,879.39 from the total amount owed by Federated.

As the sum owed to the McKee defendants is less than $11,000.00, there is no possible way that the McKee defendants should have to proceed further as Federated has asserted it owes no less than $40,980.95.

Seven months later, this case began when Hubbard sued Federated and the McKees in state court ("*Federated II*"). She again raised the vexatious-refusal-to-pay claim and sought a declaratory judgment as to the McKees. Federated removed the case to the Western District of Missouri. Hubbard moved to remand. Concluding that Hubbard fraudulently joined the McKees, the district court dismissed them and denied remand. The court then applied res judicata and collateral estoppel to Hubbard's claim. Hubbard appeals, challenging the denial of remand and dismissal of her claim.

After Hubbard filed this appeal, there was a bench trial in the interpleader case, *Federated I*. In a judgment, the district court ordered a distribution of the interpleaded funds and dismissed the case with prejudice. Hubbard filed a separate appeal in that case. *See **Federated Mut. Ins. Co. v. Moody Station & Grocery***, No. 14-3847 (8th Cir. Dec. 19, 2014).

## II.

This court reviews the remand denial de novo. *See **Junk v. Terminix Int'l Co.***, 628 F.3d 439, 444 (8th Cir. 2010). Removal "is appropriate only if the action originally could have been filed there." ***Id.***, *citing* **28 U.S.C. § 1441(a)-(b)**. "A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." ***Id.***, *citing* **28 U.S.C. § 1447(c)**. "If the district court concludes that it does not have subject matter jurisdiction, it must remand the case." ***Id.*** at 444-45.

In its notice of removal, Federated alleged diversity of citizenship. *See* **28 U.S.C. § 1332(a)(1)** ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."). Diversity jurisdiction requires "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk*, 628 F.3d at 445. "In an exception to this rule, a district court may retain jurisdiction where the nondiverse defendant has been fraudulently joined. Joinder is fraudulent when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.*

The fraudulent joinder of a defendant "is a question of subject matter jurisdiction reviewed de novo." *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915 (8th Cir. 2014). "A party has been fraudulently joined when there exists no reasonable basis in fact and law to support a claim against it." *Id.* "By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion. In this analysis, we do not focus on the artfulness of the plaintiff's pleadings." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (internal citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* at 975.

Hubbard fraudulently joined the McKees. There is no reasonable basis in fact and law to support a claim against them. *See Thompson*, 760 F.3d at 915. Hubbard's counsel said so in May 2013:

> The case or claim involving the McKee family is resolved. . . . As the sum owed to the McKee defendants is less than $11,000.00, *there is no possible way* that the McKee defendants should have to proceed further as Federated has asserted it owes no less than $40,980.95.

(emphasis added). On appeal, Hubbard does not disown the e-mail. Instead, Hubbard says she named the McKees "as defendants in order to obtain a declaration as to the scope and extent of their previously claimed interest in policy proceeds." Even so, she did not need to sue them separately from the *Federated I* proceeding to obtain that declaration.

The district court properly denied remand.

III.

This court reviews de novo the application of res judicata. ***Lynch v. Nat'l Prescription Adm'rs, Inc.***, 787 F.3d 868, 871 (8th Cir. 2015). Missouri preclusion law governs this case. *See **Laase v. Cnty. of Isanti***, 638 F.3d 853, 856 (8th Cir. 2011) ("The law of the forum that rendered the first judgment controls the res judicata analysis.").

"Res judicata 'precludes the same parties . . . from relitigating the same cause of action.'" ***Morgan v. State Farm Fire & Cas. Co.***, 344 S.W.3d 771, 780 (Mo. App. 2011) (ellipsis in original), *quoting **Creative Walking, Inc. v. Am. States Ins. Co.***, 25 S.W.3d 682, 686 (Mo. App. 2000). "A final judgment, rendered on the merits, by a court of competent jurisdiction is conclusive as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." ***Id.*** (internal quotation marks omitted). "Under Missouri law, a judgment on the merits at the trial-court level is considered a final judgment for purposes of res judicata and collateral estoppel, even if the appeal of that judgment is still pending." ***Noble v. Shawnee Gun Shop, Inc.***, 316 S.W.3d 364, 369 (Mo. App. 2010) (italics omitted).

Hubbard correctly notes that when the district court applied res judicata in *Federated II*, there was no final judgment in *Federated I*. The error, however, was

harmless.  *See* **Fed. R. Civ. P. 61** ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."); *Laase*, 638 F.3d at 859 (applying harmless error standard to res judicata analysis). After Hubbard filed this appeal, the district court in *Federated I* ordered a distribution of the interpleaded funds and dismissed the case with prejudice.  Hubbard then appealed that case.  For res judicata purposes, there is now a final judgment in *Federated I*.  *See Noble*, 316 S.W.3d at 369.

The court properly dismissed Hubbard's vexatious-refusal-to-pay claim in this case, *Federated II*.  This court need not decide if collateral estoppel also applies.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____