**CONTINENTAL CASUALTY COMPANY,**
**Plaintiff/Respondent,**

v.

**CAMPBELL DESIGN GROUP, INC.,**
**Joseph Madlinger and Ken Chandler,**
**Defendants/Appellants.**

**No. 68168.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 16, 1996.

David E. Wilson, Watkins & Wilson, P.C., Clayton, for appellants.

William F. Kopis, Margaret A. Hesse, Hinshaw & Culbertson, St. Louis, for respondent.

SMITH, Presiding Judge.

Defendants, Campbell Design Group, Inc., Joseph Madlinger, and Ken Chandler, appeal from a summary judgment against them and in favor of plaintiff, Continental Casualty Company, for $75,000 representing the deductible of a professional liability insurance policy issued to Campbell Design Group, Inc. and a group of related companies. We affirm as to Campbell Design Group, Inc. and reverse as to Madlinger and Chandler.

Defendants first challenge the judgment on the basis that plaintiff did not comply with Rule 74.04(c) because it did not file a separate legal memorandum explaining why summary judgment should be granted. The issues before us are strictly issues of law, no objection was raised by defendants below and they in fact made no response to the motion for summary judgment. The matters to be decided are apparent from the motion

filed and the accompanying exhibits. Pursuant to *Mathes v. Nolan*, 904 S.W.2d 353 (Mo.App.1995) we exercise our discretion to review the matter on the merits.

Defendants only other contention is that summary judgment was improperly granted against the individual defendants. Plaintiff contends that those defendants are liable under the terms of the policy for the deductible amount because the definitions provision of the insurance policy defines "You" or "Your" to be (A) the named insured; (B) any past or present partner, officer, director, stockholder, or employee of the named insured while acting within the scope of their duties. Both individual defendants are officers of the corporation. Plaintiff's brief on this point is devoted almost exclusively to an interpretation of the above quoted definition. Basically that definition pertains to the persons to whom liability protection is afforded, i.e., obligations running from insurer to insured. Continental attempts to apply it to obligations running from the insured to the insurer, i.e., payment of the deductible. We need not address the validity of this interpretation of the policy.

■ What is not discussed by Continental is the basic legal premise that a contract generally binds no one but the parties thereto, and it cannot impose any contractual obligation or liability on one not a party to it. 17A C.J.S. *Contracts* § 520 (1963); *Kansas City Downtown Minority Dev. Corp. v. Corrigan Assoc. Ltd. Partnership*, 868 S.W.2d 210 (Mo.App.1994)[16]; *Reichert v. Jerry Reece, Inc.*, 504 S.W.2d 182 (Mo.App.1973)[1–3]; *Kahn v. Prahl*, 414 S.W.2d 269 (Mo. 1967)[2,3]; *Zweifel v. Lee–Schermen Realty Co.*, 173 S.W.2d 690 (Mo.App.1943)[4–6]; *Mueninghaus v. James*, 324 Mo. 767, 24 S.W.2d 1017 (1930)[4,5]. The record does not establish that either of the individual defendants was a party to the contract. Language in a contract to which they were not parties cannot bind them.

■ A party is entitled to summary judgment when the record demonstrates that the party is entitled to judgment as a matter of law. *Cooper v. Missouri Board of Probation and Parole*, 866 S.W.2d 135 (Mo. banc 1993)[1,2]; *Dial v. Lathrop R–II Sch. Dist.*, 871 S.W.2d 444 (Mo. banc 1994)[1,2]. While the failure of defendants to respond to the motion for summary judgment in the trial court is not to be condoned, that failure does not require that summary judgment be granted against them. *Peltzman v. Beachner*, 900 S.W.2d 677 (Mo.App.1995)[1]. The record does not establish that Madlinger and Chandler were parties to the insurance contract and plaintiff is not entitled to summary judgment against them. No contention is raised that the summary judgment against Campbell Design Group, Inc. was improper and the record establishes that as to that defendant plaintiff was entitled to judgment as a matter of law.

Judgment against defendants Madlinger and Chandler reversed and cause remanded. Judgment against defendant Campbell Design Group, Inc. affirmed.

GARY M. GAERTNER and RHODES RUSSELL, JJ., concur.