**LANDSTAR INVESTMENTS II, INC., Respondent,**

v.

**Kari E. SPEARS d/b/a White Glove Cleaning Service, Appellant.**

No. 28421.

Missouri Court of Appeals, Southern District, Division Two.

June 24, 2008.

David M. Duree, St. Louis, for Appellant.

No brief filed for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Kari E. Spears d/b/a White Glove Cleaning Service ("Appellant") appeals the trial court's grant of summary judgment in favor of Respondent Landstar Investments II, Inc. ("Landstar").[1] Appellant alleges

---

1. Landstar did not file a brief in this matter. See *American Express Travel Related Servs. v.* *Mace,* 26 S.W.3d 613, 615 n. 4 (Mo.App. 2000).

four points of trial court error; however, we find her first point dispositive and need not discuss her other allegations of error.

On January 10, 2006, Landstar filed a "Petition on Credit Agreement" in which it asserted Appellant "executed an application and was issued credit by [Landstar];" that Appellant then defaulted on that agreement; and that Appellant owes Landstar the principal sum of $35,557.87 "together with interest of 9 [percent] per annum from June 23, 2000, and for costs...." Also attached to Landstar's petition was a "Wells Fargo BusinessLine Acceptance Certificate" signed by "Kari E. Spears" as "president" of "White Glove Cleaning Svc.;" a letter from an "Account Representative" at Wells Fargo to "White Glove Cleaning Srvs." relating to changes in the terms of the line of credit; and an affidavit from Landstar's "Vice President" stating the specific amount owed to Landstar and that "the records of this account are maintained under [his] supervision...."

The petition was served upon Appellant on January 13, 2006, and she failed to file any pleadings in response. On March 22, 2006, a "Default Judgment" was entered against Appellant in the amount of $61,924.37 "plus court costs" and interest. On April 20, 2006, Appellant, appearing *pro se*, filed a motion to set aside the default judgment, and her motion was granted by the trial court on October 11, 2000.

On November 17, 2006, Landstar filed another "Motion for Default Judgment" and it also filed a "Motion for Summary Judgment" on December 6, 2006.[2] Appellant *did not file responsive pleadings as to the foregoing motions.* A hearing was held on March 7, 2007, on Landstar's mo-

tion for summary judgment and the trial court granted Landstar's motion for summary judgment on March 12, 2007. This appeal followed.

Appellant's first point relied on asserts *the trial court erred in granting summary* judgment:

in that the alleged credit agreement attached to the petition ... is not a contract to which [Landstar] is a party, and the petition and summary judgment motion do not otherwise establish any rights of [Landstar] in and to the alleged contract, which identifies Wells Fargo and White Glove Cleaning Service as the two parties.

 In determining whether the trial court properly granted summary judgment, we employ a *de novo* standard of review. *ITT Comm'l Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record. *Reese v. Ryan's Family Steakhouses, Inc.*, 19 S.W.3d 749, 751 (Mo.App.2000). " '[T]he key to a summary judgment is the undisputed right to a judgment ... not simply the absence of a fact question.' " *Birdsong v. Christians*, 6 S.W.3d 218, 223 (Mo.App.1999) (quoting *Southard v. Buccaneer Homes Corp.*, 904 S.W.2d 525, 530 (Mo.App.1995)). As such, a grant of summary judgment is appropriate when a moving party makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of

---

**2.** We note there is no notation in the trial court's docket sheet relating to a disposition

of this motion for default judgment.

law. *See ITT Comm'l*, 854 S.W.2d at 376; Rule 74.04.[3]

Here, Appellant failed to file a response to Landstar's motion for summary judgment and "[by] reason of [her] failure to deny those statements in the manner specified in Rule 74.04(c)(2), those facts were admitted." *Ford v. Cedar County*, 216 S.W.3d 167, 170 (Mo.App.2006). Nevertheless, "for [Landstar] to be entitled to summary judgment, such facts must establish [Landstar's] right to judgment as a matter of law." *Id.; see* Rule 74.04(c)(6).

 With that being said, it has long been a tenet of basic contract law that "a contract generally binds no one but the parties thereto, and it cannot impose any contractual obligation or liability on one not a party to it." *Continental Cas. Co. v. Campbell Design Group, Inc.*, 914 S.W.2d 43, 44 (Mo.App.1996). Here, the petition alleges Appellant owes a debt to Landstar based, however, on a line of credit agreement executed between Wells Fargo and Appellant. Landstar's name does not appear on any of the documentation affixed to the petition; nor is there any allegation in Landstar's petition that it had a legal right or interest in the line of credit issued by Wells Fargo. "Standing to sue ... exists when a party has an interest in the subject matter of the suit that gives it a right to recovery, if validated" and the "issue of standing cannot be waived." *Midwestern Health Mgmt. v. Walker*, 208 S.W.3d 295, 298 (Mo.App.2006); *see C & W Asset Acquisition, LLC v. Somogyi*, 136 S.W.3d 134, 140 (Mo.App.2004) (holding that where certain "documents show[ed] that Respondent entered into a credit agreement with [credit card company] and that [the] [r]espondent defaulted on that account ... the documents [did] not show that [the] [a]ppellant had the right to en-

force that credit agreement"). The record does not establish that Landstar was a party to the contract between Wells Fargo and Appellant; thus, Landstar has failed to establish it had any rights or legal interest in the line of credit agreement which is the basis of its cause of action and, therefore, it lacks standing to sue. Landstar failed to make a prima facie case for summary judgment as a matter of law.

The judgment of the trial court is reversed and remanded for further proceedings.

LYNCH, C.J., and BURRELL, J., concur.

---

**3.** All rule references are to Missouri Court Rules (2006).