Karri KINNAMAN–CARSON and
Randy Carson, Appellants,

v.

WESTPORT INSURANCE CORPORA-
TION and ABC Specialty, Inc., d/b/a
ABC Tow a/k/a ABC Tow, Respon-
dents.

No. SC 89728.

Supreme Court of Missouri,
En Banc.

May 5, 2009.

Rehearing Denied June 16, 2009.

Jonathan Sternberg, Dennis Owens, Owens & Baker, Kansas City, MO, Joseph M. Backer, The Backer Law Firm, L.L.C., Independence, MO, for Appellants.

Barry McCormick, Edward M. Boyle, Kim J. Poirier, McCormick, Adam & McDonald, P.A., Overland Park, KS, for Respondents.

LAURA DENVIR STITCH, Chief Justice.

This case presents the question whether an insurer can contest coverage in a garnishment action despite its agreement to defend the underlying tort suit without a reservation of rights. The insurer claims it can because it was unaware at the time it made its agreement that judgment already had been entered in the suit it was agreeing to defend. This Court holds that, to the contrary, the insurer's agreement to defend without reservation precludes it from later asserting a coverage defense in the garnishment action. The insurer should have resolved any issues about the validity of its agreement to provide coverage without a reservation of rights in the lawsuit to which that agreement applied. Having rested on its agreement in that suit, making no attempt to appeal the judgment or have the judgment set aside or to withdraw its agreement, it now cannot get a second bite at the apple by contesting coverage in this garnishment action as if it already had not waived its right to raise coverage defenses. The trial court erred in allowing the insurer to contest coverage and in granting summary judgment on the coverage issue. Reversed and remanded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Karri Kinnaman–Carson was injured in 2004 when her car was struck head on by an oncoming Honda Civic that crossed the center line of traffic. At the time of the accident, the Honda was owned by ABC Specialty, Inc., a towing company. Wallace Hopkins took the Honda from the control of ABC Tow without permission and gave it to a friend, Shannon Norton, to drive. With Mr. Hopkins in the passenger seat, Ms. Norton began driving north on Highway 7 in Blue Springs. She was very intoxicated, crossed the center line, and crashed head-on into Ms. Kinnaman–Carson's vehicle. Both Mr. Hopkins and Ms. Norton died in the accident, and Ms. Kinnaman–Carson suffered serious injuries.

On August 27, 2005, Ms. Kinnaman–Carson filed suit, alleging that Ms. Norton and ABC Tow were negligent, thereby causing her damages. Ms. Kinnaman–Carson's spouse sued for loss of consortium. On

February 20, 2006, ABC Tow's insurer, Westport Insurance Corporation, through Claims Management Services, Inc., sent a one-page transmission to ABC Tow stating that coverage for the Carsons' claims would be denied. On February 28, 2006, Westport sent ABC Tow's attorney a more detailed letter denying coverage and refusing to provide a defense.

The Carsons filed an amended petition on June 12, 2006, alleging additional theories of recovery against ABC Tow, including negligent hiring, training and supervision of its employees and negligent implementation of security measures to prevent the unauthorized use of stored vehicles. ABC Tow sent the amended petition to Westport and again asked it to defend the suit and provide coverage. On August 1, 2006, not having received a response from Westport, the Carsons and ABC Tow entered into a settlement agreement pursuant to section 537.065, RSMo 2000.[1]

On August 15, 2006, Westport sent ABC Tow a letter stating that it had reviewed the amended petition and "made the deci-sion to defend our insured under a reservation of rights." The next day, August 16, 2006, ABC Tow notified Westport that it had received Westport's letter "dated some 65 days after the amended Petition was mailed to your company. Please be advised that we would respectfully reject your company's belated offer to defense under a reservation of rights."

Two weeks later, on August 29, 2006, the court heard evidence as to liability and damages. On August 31, 2006, the court entered judgment against ABC Tow and in favor of Ms. Kinnaman–Carson for $1,074,128 and in favor of Randy Carson for $300,000. The record does not show when the court's judgment was transmitted to the clerk, but it was not entered in the court's docket until September 14, 2006.[2]

The following week, on September 22, 2006, Westport's counsel notified ABC Tow that Westport had dropped its reservation of rights and agreed to defend the suit without reservation. Despite sending this letter, and although it had been given notice of the suit early in 2005 and offered

---

1. As permitted by section 537.065, the agreement provided that ABC Tow would permit the Carsons to take a judgment against it in an amount not to exceed $1.7 million, with the understanding that the Carsons would not levy or execute this judgment against ABC Tow. Section 537.065 provides in relevant part:

   Any person having an unliquidated claim for damages against a tort-feasor, on account of bodily injuries or death, may enter into a contract with such tort-feasor or any insurer in his behalf or both, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tort-feasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract. Execution or garnishment proceedings in aid thereof shall lie only as to assets of the tort-feasor specifically mentioned in the contract or the insurer or insurers not excluded in such contract.

2. In *Coffer v. Wasson–Hunt*, 281 S.W.3d 308 (Mo. banc 2009), this Court held that a judgment was entered when it was signed and forwarded to the clerk, who formally sent it to the parties on the same day it was signed as the judgment of the court, and not when a docket entry was made reflecting the judgment some seven weeks later. Here, the record does not show when the judgment was forwarded to the clerk or the parties, and therefore it is not clear whether it became final upon signing on August 31, 2006, or upon entry on the docket on September 14, 2006.

to defend the ongoing suit with a reservation of rights in mid-August 2006, Westport apparently had not been monitoring the progress of the suit and was unaware of the judgment entry. It never entered its appearance in the suit after sending the September 22, 2006, letter agreeing to defend the suit, even though the judgment did not become final and the time for appeal did not expire until after the September 22 agreement.[3]

It is unclear when Westport first found out about the settlement and judgment because that notice is not in the record.[4] What is clear is that Westport neither made an attempt to file a motion for new trial in the time remaining before the judgment became final, nor filed a timely appeal, nor sought permission to file an appeal out of time pursuant to Rule 81.07, nor filed a motion to set aside the judgment under Rule 74.06, nor attempted to withdraw its agreement to defend without a reservation of rights.

Westport instead sat silent in the underlying lawsuit and did nothing until the Carsons filed their garnishment action. That petition asserted that the Carsons had obtained a judgment against Westport's insured, ABC Tow, for $1,374,128 and that Westport had agreed to defend the suit without a reservation of rights and demanded payment.

Westport conceded in its answer to the garnishment petition that it had withdrawn its initial position that it only would defend with a reservation of rights and that it had agreed to defend ABC Tow without a reservation of rights but nonetheless denied coverage. Westport then filed a motion for summary judgment alleging that the first paragraph of Exclusion G of ABC's policy excluded coverage. The court granted Westport's motion for summary judgment in the garnishment action. The Carsons appealed. Following a decision of the court of appeals, this Court granted transfer.[5]

## II. WESTPORT IS BOUND BY ITS AGREEMENT TO DEFEND WITHOUT A RESERVATION OF RIGHTS

Appellate review of the grant of summary judgment is *de novo*. *Southers v. City of Farmington*, 263 S.W.3d 603, 608 (Mo. banc 2008). The Court reviews the record in the light most favorable to the party against whom summary judgment was entered. *Id.* "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *ITT Commercial Finance Corp. v. Mid-America Marine Sup-*

3. If the judgment was not final until entered on the docket September 14, then it did not become appealable until 30 days later, October 14; if the August 31 signing of the court's decision is considered the date the judgment was entered, it did not become final and appealable until September 30. Both dates are after Westport agreed to defend.

4. Westport indicates it learned of the judgment when the Carsons demanded payment after the appeal time ran, but this necessarily presupposes that the judgment was entered August 31 and became final 30 days thereafter; if the judgment is considered to have been entered only when entered on the record

on September 14, the appeal time would not have run until October 24, some eight days after the garnishment petition was filed.

5. The Carsons raise four points on appeal. The first three points allege that the court erred in granting summary judgment in favor of Westport because exclusions in the insurance contract do not preclude coverage of the Carsons' claims. The fourth point alleges that Westport waived its coverage defenses when it agreed to defend without a reservation of rights. As the fourth point is dispositive, the Court does not reach the other issues raised.

*ply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993) (internal quotation omitted). "Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law." *Id.*

Generally, "an insurance company can effect a proper reservation of rights when the company provides notice to an insured that its defense of an action should not be construed as a waiver of any policy defense and the insured accepts the defense of the action without protest and with full knowledge of the position of the insurance company of its right to assert non-liability." *Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 333 (Mo.App.1992). An insured has the right to reject a tendered defense with a reservation of rights. *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523, 527 (Mo. banc 1995).

"Should the insured reject the defense, the insurer then has one of three options: (1) ... represent the insured without a reservation of rights defense; (2) ... withdraw from representing the insured altogether; or (3) ... file a declaratory judgment action to determine the scope of [the] policy's coverage." *Truck Ins. Exchange v. Prairie Framing, L.L.C.*, 162 S.W.3d 64, 88 (Mo.App. W.D.2005).

Here, Westport chose the first option: It agreed to defend the underlying personal injury action without a reservation of rights. This foreclosed it from the option of filing a declaratory judgment action to determine coverage. It seeks in this suit to accomplish that same purpose by defending the garnishment as if it had not agreed to defend the underlying suit. It is well-settled, however, that "defending an action with *knowledge* of noncoverage under a policy of liability insurance without a non-waiver or reservation of rights agreement ... precludes the insurer from subsequently setting up the fact and defense." *Mistele v. Ogle*, 293 S.W.2d 330,

334 (Mo.1956); *see also State Farm Mut. Auto. Ins. Co. v. MFA Mut. Ins. Co.*, 485 S.W.2d 397, 402 (Mo.1972) (MFA insurance estopped from denying coverage when it undertook to defend its insured in damage suit and took complete charge and control of that suit).

Westport acknowledges the usual rule but argues that it was its insured's burden to prove the agreement to defend without a reservation of rights once it moved for summary judgment.

"The movant bears the burden of establishing both a legal right to judgment and the absence of any genuine issue of material fact required to support the claimed right to judgment." *Lewis v. Biegel*, 204 S.W.3d 354, 356 (Mo.App.2006) (internal quotation omitted). The trial court is prohibited from granting summary judgment, even if no responsive pleading is filed in opposition to a summary judgment motion, unless the facts and the law support the grant of summary judgment. In *Landstar Investments II, Inc. v. Spears*, 257 S.W.3d 630, 632 (Mo.App. S.D.2008), the court noted that "Appellant failed to file a response to Landstar's motion for summary judgment and '[by] reason of [her] failure to deny those statements in the manner specified in Rule 74.04(c)(2), those facts were admitted.'" Nevertheless, the court stated, "for Landstar to be entitled to summary judgment, the admitted facts must establish its right to judgment as a matter of law." *Id.*

Westport claims that, in this case, the admitted facts established its right to summary judgment on the issue of coverage. But before reaching that question, this Court must determine whether Westport waived its right to raise that defense. While it is true that the Carsons did not raise the reservation of rights issue in their opposition to Westport's summary judgment motion itself, they did not need

to do so because Westport already had admitted in its answer that it had agreed to defend without a reservation of rights, and nothing in Westport's summary judgment motion countered that admission. The facts admitted in Westport's answer, not countered in its summary judgment motion, establish that it is not entitled to raise the defense of noncoverage.

Westport argues that it nonetheless should not be bound by its agreement because it did not know at the time of its September 22 letter that ABC Tow and the Carsons had reached a section 537.065 settlement and that a trial had been held and judgment entered. It argues that, had it been aware of these events, it would not have offered to defend without a reservation of rights; hence, its waiver of coverage defenses was not knowing or intentional and should not be binding. This Court disagrees.

Westport had notice of the personal injury suit, and it was its duty to keep abreast of developments in it, including the scheduling of the trial and the court's entry of a judgment. Further, once it agreed to defend without a reservation of rights on September 22, 2006, Westport still had time to file a motion for new trial, as the docket entries show judgment was entered only a week earlier on September 14, 2006, see Rule 78.04 (30 days to file motion for new trial or to amend judgment).[6] Once the judgment became final, Westport had 10 days in which to file a timely appeal. Rule 81.04.

Westport apparently made no immediate effort to learn the status of the case; it did not learn of the judgment, therefore, until shortly before it was served with the garnishment action on October 16, 2006. Even at that point, Westport did not attempt to file a late notice of appeal, see Rule 81.07, or to file a motion to set aside the judgment, see Rule 74.06. Neither did it at any time attempt to notify ABC Tow that it was withdrawing its reservation of rights. Instead, it simply sat on any rights it may have had to raise the issue of notice in the underlying suit.

In effect, Westport seeks to use the garnishment action as a second chance to appeal or set aside the underlying judgment that it allowed to remain in place under an agreement to defend without a reservation of rights. While the Court understands the difficulty in which this places Westport, it is a difficulty of its own making and not one from which a garnishment action can be used to relieve it. Having agreed to defend the underlying suit without a reservation of rights, while that suit still was pending, Westport is bound by that agreement. The trial court erred in granting summary judgment on the basis of lack of coverage. Westport was precluded from bringing a coverage defense because it previously had agreed to defend without a reservation of its right to contest coverage.

### III. CONCLUSION

Westport's agreement to defend the lawsuit against ABC Tow without a reservation of rights precludes it from later asserting a coverage defense against the Carsons in their separate garnishment action. It cannot relitigate coverage issues in this garnishment action. The trial court erred in granting Westport's motion for summary judgment. The judgment is reversed, and the case is remanded.

All concur.

---

**6.** Even were judgment considered to have been entered August 31, 2006, when the judge signed the motion, there was still at least a week in which to file a motion for new trial.