**HOOPS & ASSOCIATES, P.C., a Missouri Corporation, individually and as the Representatives of a Class of Similarly–Situated Persons, Plaintiff/Respondent,**

v.

**FINANCIAL SOLUTIONS AND ASSOCIATES, INC. and Michael Grimes, Defendants/Appellants.**

No. ED 98687.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 5, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 14, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

Max Margulis, Chesterfield, MO, John Steward, St. Louis, MO, for plaintiff/respondent.

Steven Koslovsky, Clayton, MO, for defendants/appellants.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Michael G. Grimes ("Grimes") appeals from the trial court's judgment granting summary judgment in favor of Hoops & Associates, P.C. ("Hoops"). Grimes contends the trial court erred in finding him personally liable for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227, and in denying his Motion to Amend Judgment and Decertify Class. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Financial Solutions and Associates, Inc. ("Financial Solutions") contracted with ActiveCore Technologies ("ActiveCore") to send faxes to potential clients in the Saint Louis area. Thereafter, ActiveCore sent two faxes to each of the potential clients on behalf of Financial Solutions. Hoops was one of the potential clients who received the two faxes from ActiveCore.

Hoops was originally a plaintiff in *All American Painting, LLC v. Financial Solutions and Associates, Inc.*, 315 S.W.3d 719 (Mo. banc 2010). Hoops voluntarily dismissed that claim and filed this cause of action, adding Grimes as a party defendant and seeking class action certification. Grimes is the president of Financial Solutions and owns one hundred percent of its stock. Hoops filed a three-count class action petition against Financial Solutions and Grimes, individually. Count I alleged violations of the TCPA and Counts II and

III were alternative counts for conversion and violation of the Missouri Merchandising Practices Act.

The trial court certified a class of all potential clients who received the fax blasts from ActiveCore. Thereafter, the trial court granted summary judgment in favor of the class on Count I, finding a violation of the TCPA. The trial court found Grimes had "actual knowledge of, and participated in, an actionable wrong, *i.e.* violation of the TCPA." The court awarded $4,841,500.00 in damages. The trial court held Grimes fifty-one percent personally liable, with Financial Solutions to bear the remaining percentage of fault. The trial court certified there was no just reason for delay of the appeal in accordance with Rule 74.01(b). Grimes appealed.

The Missouri Supreme Court dismissed Grimes' appeal in *Hoops & Associates, P.C. v. Financial Solutions and Associates, Inc.*, No. SC 92256 (Court Order Issued May 15, 2012). The Court noted a judgment that resolves fewer than all legal issues as to any single claim for relief is not final despite the certification under Rule 74.01(b). Thereafter, Hoops dismissed Counts II and III of its petition and Grimes filed a Motion to Amend Judgment and Decertify Class. The trial court denied Grimes' motion. Grimes appeals.[1]

## STANDARD OF REVIEW

██ We review a trial court's grant of summary judgment *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when the pleadings demonstrate there is no genuine issue as to any

---

1. Hoops' Motion to Dismiss Appeal is denied.

material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Finance.*, 854 S.W.2d at 381. We view the record in the light most favorable to the party against whom summary judgment is entered and accord the non-movant the benefit of all reasonable inferences from the record. *Id.* at 376. We take as true every fact set forth by affidavit or otherwise in support of the moving party's summary judgment motion unless the non-movant has denied it in its response. *Id.* The non-moving party's response must show the existence of some genuine dispute about one of the material facts necessary to the plaintiff's right to recover. *Id.* at 381. A genuine issue of material fact exists when the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. The question is whether essential facts are disputed, not whether those facts are more likely to be true. *Id.* Even if the facts alleged by the movant in a summary judgment motion are uncontradicted, they must establish a right to judgment as a matter of law. *Kinnaman–Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 765 (Mo. banc 2009). The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *ITT Commercial Finance*, 854 S.W.2d at 380.

## DISCUSSION

■ In his first point, Grimes contends the trial court erred in entering summary judgment against him personally because there were genuine issues of material fact and law concerning whether his actions amounted to "tortious conduct." Specifically, Grimes claims he did not knowingly violate the TCPA and therefore, there was a genuine issue of material fact precluding summary judgment. We agree.

■ The TCPA makes it unlawful for any person or entity to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. Section 227(b)(1)(C). Any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission is an unsolicited advertisement. 47 U.S.C. Section 227(a)(4). Therefore, the TCPA is violated when a person or entity sends "material advertising the commercial availability or quality of property, goods, or services to a facsimile machine without the recipient's prior express invitation or permission." *All American Painting, LLC v. Financial Solutions and Associates, Inc.*, 315 S.W.3d 719, 722 (Mo. banc 2010).

The TCPA creates a private cause of action for any person or entity who receives an advertisement in violation of the act. The TCPA provides for statutory damages in the amount of $500 for each violation and injunctive relief for additional violations. 47 U.S.C. Section 227(b)(3)(A)-(B). The statutory damages may, in the court's discretion, be trebled in instances where the defendant has "willfully or knowingly" violated the TCPA. 47 U.S.C. Section 227(b)(3).

With respect to Financial Solutions' involvement in faxing potential clients, all the facts needed to recover under the TCPA were admitted and there were no genuine issues of material fact precluding entering summary judgment against Financial Solutions. However, Grimes contends there are genuine issues of material fact that are not admitted regarding his knowing violation of the TCPA sufficient to subject him to personal liability.

The issue of personal liability under the TCPA for a corporate officer was examined in *Texas v. American Blastfax, Inc., et al.*, 164 F.Supp.2d 892 (W.D.Tex.2001).

*American Blastfax* recognized the general rule that "if a corporation is found to have violated a federal statute, its officers will not be personally liable solely because of their status as officers." *Id.* at 897. However, if the officer directly participated in or authorized the statutory violations, even though acting on behalf of the corporation, he may be personally liable. *Id.* at 898. *American Blastfax* applied these principles of personal liability of a corporate officer under the TCPA, finding "[i]ndividuals who directly (and here, knowingly and willfully) violate the TCPA should not escape liability solely because they are corporate officers." *Id.*

In *American Blastfax*, the corporate officers were put on notice by the State of Texas that they were violating the TCPA each time they sent an unsolicited fax. *Id.* at 895. Those corporate officers recognized their actions could result in substantial fines for their corporation, but they chose to ignore those consequences and continued to send unsolicited faxes. *Id.* The corporate officers had actual knowledge they were violating the TCPA. The court found the corporate officers jointly and severally liable for TCPA violations. *Id.* at 897.

Hoops contends Grimes was more than merely the corporate officer. Hoops asserts Grimes' high level of involvement in creating the advertisement and contacting ActiveCore on behalf of Financial Solutions to send the faxes to potential customers subjects him to personal liability.

Grimes contradicts Hoops' allegation that he is personally liable by asserting he had no knowledge the faxes would violate the TCPA. Grimes stated in his deposition testimony that ActiveCore informed Financial Solutions the fax recipients consented to receiving the faxed advertisement. Grimes submitted an affidavit in support of his response, stating he was assured by ActiveCore the fax recipients consented to receiving the faxes and the lists of these individuals and companies had been reviewed and approved for fax solicitation by ActiveCore.

Here, Grimes' affidavit included factual statements of his personal knowledge, which would be admissible at trial. Rule 74.04(e). Although his deposition testimony and factual knowledge may be challenged at trial and without more may not be sufficient to show the fax recipients consented to receiving the faxed advertisement, it is enough to survive summary judgment.

The trial court found Grimes had "actual knowledge of and participation in an actionable wrong, i.e. violation of the TCPA." It is inappropriate for the trial court to make credibility determinations in a summary judgment proceeding. *Hughes v. Bodine Aluminum, Inc.,* 328 S.W.3d 353, 357 (Mo.App. E.D.2010). Here, there is a genuine issue of material fact as to whether Grimes authorized the statutory violation. Grimes' affidavit and deposition testimony presented a genuine issue of material fact, thereby precluding the entry of summary judgment.

Accordingly, we find it is premature to enter summary judgment in favor of Hoops because there is a genuine issue of material fact regarding whether Grimes is personally liable for the actions taken by Financial Solutions. Point granted.

In his second point, Grimes contends the trial court erred in denying his Motion to Amend Judgment and Decertify Class. Specifically, Grimes contends only eight members of the putative class have been identified and Hoops has offered no method by which other class members can be identified.

Grimes' first point on appeal is dispositive. Therefore, there is no need to ad-

dress his claim regarding class certification. However, we note that an order certifying a class under Rule 52.08(c)(1) may be conditional and may be altered or amended before the decision on the merits. *Karen S. Little, L.L.C. v. Drury Inns, Inc.,* 306 S.W.3d 577, 580 (Mo.App. E.D.2010).

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., concur.