Elisabeth McCONNELL, Respondent,

v.

A.B. KELLY and Virginia Kelly, d/b/a A.B. Kelly Motors Co., A.B. Kelly and Judy (Shannon) Johnson, Individually and as Trustees for A.B. Kelly Motors, Inc., Liberty Mutual Insurance Company, County Mutual Insurance Company, Defendants,

and

Universal Underwriters Insurance Company as Defendant Ad Litem for Marcella S. Brockman, Appellant.

No. 62712.

Missouri Court of Appeals, Eastern District, Northern Division.

Aug. 3, 1993.

Moser and Marsalek, P.C., Peter F. Spartaro and Robyn G. Fox, St. Louis, for appellant Universal.

Wasinger, Parham, Morthland, Terrell & Wasinger, Marion F. Wasinger, Hannibal, for respondent McConnell.

KAROHL, Chief Judge.

The trial court appointed Universal Underwriters Insurance Company [Universal] as defendant ad litem for Marcella Brockman on the authority of § 537.021.1(2) RSMo 1986. It appeals an order denying relief on its motion to be dismissed on a petition filed by Elisabeth McConnell for wrongful death of her husband, Wiley McConnell. Wiley McConnell and Marcella Brockman were involved in a head-on automobile collision in which both were killed. The grounds for dismissal were: (1) the statutory requirements of § 537.021.1(2) RSMo 1986 were not satisfied; (2) the ex-parte order appointing Universal was not supported by proof of liability coverage for Marcella Brockman; (3) the statute requires appointment of a "qualified person," and Universal is not such a person; and (4) the appointment is improper because it injects the question and issue of insurance into the case.

The trial court held a hearing on Universal's motion and issued findings of fact and judgment on the motion. It found Universal to be a proper defendant ad litem pursuant to the statute. It also found there was no just cause or reason to delay entry of a judgment "on the issue of coverage."

We resolve a jurisdictional question in favor of jurisdiction. We read the order and judgment broadly to include a response to all of the issues raised in the motion to dismiss including the questions of coverage and whether, assuming coverage, Universal is a qualified person under the statute.

Section 537.021 "merely creates a nominal defendant—one who has no personal interest in or liability for the litigation." *State ex rel. Gannon v. Gaertner,* 592 S.W.2d 214, 216 (Mo.App.1979).

The basic purpose of § 537.021.1 RSMo 1986 is "to provide a named party for the deceased wrongdoer that a plaintiff may be redressed for his injury by the so called 'real defendant'—the liability insurer." *State ex rel. Kasmann v. Hamilton,* 731 S.W.2d 345, 347 (Mo.App.1987). The legislative purpose for the statute "was to simplify [the] burdensome procedure of normal estate administration in cases where there was no probate estate and the liability insurer was the 'real defendant,' and to substitute the so called defendant ad litem for the formerly required administrator; the defendant ad litem is to serve as the named defendant in the capacity of the deceased's legal representative." *Id.* Stated affirmatively, where there is no reason to open a probate estate for the usual purpose, a decedent may be sued, and the court entertaining the suit may provide a representative defendant.

The petition names the following as defendants: A.B. Kelly and Virginia Kelly, d/b/a A.B. Kelly Motors Co.; A.B. Kelly and Judy (Shannon) Johnson, individually and as trustees for A.B. Kelly Motors Inc.; Liberty Mutual Insurance Company; Country Mutual Insurance Company; and Universal Underwriters Insurance Company as defendant ad litem for Marcella S. Brockman. In a previous workers' compensation proceeding, defendant A.B. Kelly admitted Marcella S. Brockman was a paid employee. However, there is an answer to an interrogatory filed by defendant Judy Johnson which contends:

Marcella Brockman was driving a 1990 Chevrolet Van owned by William A. and Jadeania Orr to Palmyra, Missouri, so that an after market air conditioner system could be installed in the van. Since Marcella Brockman was an independent contractor, she was not given any particular instructions or directions as to how to make the trip. She was told the destination of the trip and agreed to drive the vehicle.

The Universal insurance policy provided coverage for A.B. Kelly Motors, any partners,

paid employees, directors, shareholders, executive officers, or members of their household. It is not clear that the policy would cover a vehicle owned by William A. and Jadeania Orr, nor is it definite that Marcella Brockman was a paid employee. It appears that co-defendant Judy Johnson will contest employment status of Marcella Brockman at the time of the collision.

"Statutory construction is a question of law, not fact, and where the lower court rules on a question of law, it is not a matter of discretion." *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 350 (Mo.App.1980). The trial court's judgment will be sustained unless it "erroneously declares or applies the law." *Taylor v. City of Pagedale,* 746 S.W.2d 576, 577 (Mo.App.1987).

The court appointed Universal as defendant ad litem. It was before the court in that capacity only. Universal was not and could not be made a party or be directly liable on plaintiff's claim for wrongful death. The statute expressly requires insurance coverage for the deceased wrongdoer as a prerequisite for appointment of a defendant ad litem. If that threshold is met the statute allows the court to "appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem." The statute does not define a qualified person. It does not identify the liability insurer as a qualified person. The expression "real defendant" used by the court in *Kasmann,* 731 S.W.2d at 347, does not constitute authority that the liability insurer is qualified to be named a defendant ad litem. We find the court erred in appointing Universal because it is not qualified to be a defendant ad litem in this case.

Universal is obligated under its contract of insurance to provide a defense for all co-defendants it insured and to pay any damages assessed against them. If coverage is a disputed fact, it would ordinarily be decided after judgment during enforcement of judgment proceedings. If any of the insured defendants have a defense based upon absence of coverage or agency, then Universal, under the insurance contract, has an obligation to assert that defense. As defendant ad litem for Marcella Brockman it has an obligation to demand coverage and claim and prove agency. The appointment of Universal as defendant ad litem ignores a potential inherent conflict of interest. Simply stated, Universal, as defendant ad litem, has an obligation to claim and prove coverage on behalf of Marcella Brockman. As an insurer of co-defendants, it may have contra obligations.

In its own capacity Universal was not before the court. In its own capacity it was not possible to raise the substantive issue of insurance coverage. Accordingly, in addition to the inherent conflict, a final judgment on coverage, binding upon Universal, could not be made on a motion filed by Universal as defendant ad litem. In the ad litem role its sole legal duty was to Marcella Brockman, deceased, not to other defendants who are admittedly covered by Universal's policy of insurance or to itself. There are a number of possible facts which may support a claim by Universal on its own behalf that there is no liability insurance coverage for the acts of Marcella Brockman.

Universal is not a qualified person under the provisions of § 537.021.1(2) RSMo 1986. We reverse and remand with direction that the court withdraw the appointment of Universal as a defendant ad litem.

SMITH and CRAHAN, JJ., concur.