Tanya **HENSLEY–O'NEAL,**
Plaintiff–Appellant,

v.

**METROPOLITAN NATIONAL BANK,**
Defendant–Respondent.

No. SD 29506.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 2009.

Greggory D. Groves of Springfield, MO, for Appellant.

Charles B. Cowherd of Springfield, MO, for Respondent.

JEFFREY W. BATES, Presiding Judge.

Tanya Hensley–O'Neal (Appellant) appeals from a summary judgment granted in favor of Metropolitan National Bank (Respondent) in Appellant's lawsuit to enforce a preemptive right to purchase real estate. Appellant contends Respondent was not entitled to judgment as a matter of law because: (1) Respondent's offer to sell the property to Appellant in August 2002 for $87,750 did not trigger her obligation to exercise the preemptive right; and (2) consequently, Appellant should have been given the opportunity to exercise the option when Respondent offered the property for sale again at a later date. A review of the record demonstrates that the preemptive right granted to Appellant was invalid and unenforceable because it violated the rule against perpetuities by making the agreement binding upon the executors, administrators, heirs, successors and assigns of the seller and the purchaser. Accordingly, the summary judgment in favor of Respondent is affirmed.

## I. Standard of Review

A summary judgment must be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Rule 74.04(c)(6).[1] Appellate review is *de novo*. *Wilson v. Rhodes*, 258 S.W.3d 873, 875 (Mo.App.2008). This Court uses the same criteria the trial court should have used in initially deciding whether to grant Respondent's motion. *Harris v. Smith*, 250 S.W.3d 804, 806 (Mo.App.2008). Appellate review is based upon the record submitted below. *Sexton v. Omaha Property and Cas. Ins. Co.*, 231 S.W.3d 844, 845 (Mo. App.2007). That record is viewed in the light most favorable to the party against whom judgment was entered, and the nonmoving party is accorded the benefit of all inferences which may reasonably be drawn from the record. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Id.*

## II. Factual and Procedural Background

On February 15, 1996, Greg Hensley (Hensley) executed a document entitled

---

1. All references to rules are to Missouri Court Rules (2008). All references to statutes are to RSMo (2000).

"First Option to Purchase Real Estate." Hereinafter, we refer to this preemptive right contract as the PRC. In relevant part, the PRC states:

**KNOW ALL MEN BY THESE PRESENTS:**

That **GREG HENSLEY,** [mailing address omitted], hereinafter called Seller, does hereby give to **TANYA HENSLEY,** hereinafter called the Purchaser, her heirs and assigns, the first right to purchase, if and when Seller shall decide to sell, for the consideration set by the Seller at such time, the following described property located in Taney County, Missouri, to-wit:

Tract 1 (4.011 acres): [legal description omitted].

. . . .

7. This agreement shall be binding upon the executors, administrators, heirs[,] successors and assigns of the Seller, and inure to the executors, administrators, heirs[,] successors and assigns of the Purchaser; and if accepted, be binding upon them.

The PRC was recorded with the Taney County Recorder of Deeds on February 19, 1996. On June 22, 2000, Hensley gave Respondent a Deed of Trust on the property. This document was recorded with the Taney County Recorder of Deeds on July 3, 2000.

On July 18, 2002, Appellant was given written notice that the property would be sold at a foreclosure sale. The trustee of the Deed of Trust foreclosed on the property on August 21, 2002. Respondent was the high bidder at the sale and received a Trustee's Deed to the property.

On August 23, 2002, the Trustee notified Appellant by letter that Respondent had purchased the property at the foreclosure sale for the price of $87,750. The Trustee gave Appellant 30 days to purchase the property from Respondent for the same price it had paid at the foreclosure sale. On September 19, 2002, Appellant responded by letter with a counteroffer to purchase the property for $40,000. On October 3, 2002, Respondent sent Appellant a letter rejecting her counteroffer.

On February 20, 2008, Respondent entered into a contract to sell the property for $79,900. The closing was scheduled to occur on April 30, 2008. On April 24, 2008, Appellant filed a lawsuit against Respondent and a lis pendens against the property. Appellant's two-count petition sought declaratory relief and specific performance of the PRC. Paragraph 14 of the petition alleged that "Plaintiff believes that the [PRC] is a valid agreement and that Plaintiff is entitled to now purchase the real estate for the price Defendant is selling to a third party." A copy of the PRC was attached to the petition and incorporated therein by reference. In Respondent's answer, it denied paragraph 14.

In May 2008, Respondent filed a motion for summary judgment. On June 23, 2008, Appellant sent a letter to Respondent stating that Appellant was "ready, willing and able to purchase the property . . . for the sum of $79,900." In November 2008, the trial court entered a judgment in favor of Respondent on both counts of the petition. After considering the pleadings and the summary judgment motion, the court ruled that the PRC was void, invalid and unenforceable because Appellant did not exercise her preemptive right within a reasonable time. The court noted that latter requirement was mandated by the rule against perpetuities because the PRC did not specify any time limit on when the preemptive right could be exercised. The court decided that Appellant's preemptive right was extinguished when she did not accept Respondent's August 23, 2002 offer

to sell the property to Appellant for $87,750. This appeal followed.

## III. Discussion and Decision

Appellant presents one point for decision. She contends the trial court erred in entering judgment for Respondent because it was not entitled to judgment as a matter of law. Appellant argues that: (1) Respondent's offer to sell the property to Appellant in August 2002 for $87,750 did not trigger her obligation to exercise the preemptive right; and (2) consequently, Appellant should have been given the opportunity to exercise the option when Respondent offered the property for sale again at a later date. We do not reach this argument because the judgment can be sustained on another ground.

 Respondent argues that the trial court's ruling should be upheld because the PRC violated the rule against perpetuities, in that the agreement was binding upon the executors, administrators, heirs, successors and assigns of the seller and the purchaser.[2] This Court agrees. It is well settled that a summary judgment can be affirmed on any theory that is supported by the record. *See, e.g., In re Estate of Blodgett,* 95 S.W.3d 79, 81 (Mo. banc 2003); *Creviston v. Aspen Products, Inc.,* 168 S.W.3d 700, 703 (Mo.App.2005); *Bettinger v. City of Springfield,* 158 S.W.3d 814, 816 (Mo.App.2005). Because

an appellate court conducts a *de novo* review of the record, the judgment may be affirmed on an entirely different basis than that presented to the trial court. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 387–88 (Mo. banc 1993); *Sheedy v. Missouri Highways and Transp. Comm'n,* 180 S.W.3d 66, 71–72 (Mo.App.2005); *Birdsong v. Christians,* 6 S.W.3d 218, 222–23 (Mo. App.1999); *Estate of Cates v. Brown,* 973 S.W.2d 909, 912–13 (Mo.App.1998). If the trial court reached the correct result for the wrong reasons, the judgment still must be affirmed. *Alexander v. Chandler,* 179 S.W.3d 385, 389 (Mo.App.2005); *Auto Owners (Mut.) Ins. Co. v. Sugar Creek Memorial Post No. 3976,* 123 S.W.3d 183, 190 (Mo.App.2003); *Ackerman Buick, Inc. v. General Motors Corp.,* 66 S.W.3d 51, 59–60 (Mo.App.2001).

 Although the title of the PRC described it as an option to purchase real estate, that designation was not accurate. A true option "creates in the optionee a power to compel the owner of property to sell it at a stipulated price whether or not he is willing to part with ownership." *Nickels v. Cohn,* 764 S.W.2d 124, 131–32 (Mo.App.1989). A preemptive right, on the other hand, "gives a prospective purchaser the right to decide whether to buy the property before all others should the seller decide to sell." *Venture Stores, Inc.*

---

**2.** Appellant claims we should not consider this argument because Respondent's answer did not refer to the rule against perpetuities. Respondent was not required to do so. In Appellant's petition, she affirmatively alleged that the PRC was a valid agreement. That allegation was denied by Respondent in its answer. Under the pleadings, the legality of the PRC was at issue. Therefore, Respondent could rely upon the rule against perpetuities without having to specifically so state in its answer. *See Davies v. McDowell,* 549 S.W.2d 619, 624–25 (Mo.App.1977). Additionally, the application of the rule against perpetuities

to the PRC was litigated below, as shown by the trial court's discussion of the issue in the judgment. Finally, we note that an affirmative defense is one based upon additional facts that are not included in the allegations necessary to support the plaintiff's case. *City of Peculiar v. Effertz Bros Inc.,* 254 S.W.3d 51, 59 (Mo.App.2008). Our decision that the PRC violates the rule against perpetuities is based upon the language of the agreement itself, which was attached as an exhibit to the petition. "An exhibit to a pleading is a part thereof for all purposes." Rule 55.12.

*v. Pacific Beach Co. Inc.*, 980 S.W.2d 176, 184 (Mo.App.1998). "Upon receiving such an offer, the pre-emptioner may elect to buy. If he decides not to buy, then the owner of the property may sell to anyone." *Nickels*, 764 S.W.2d at 132.

 In the case at bar, it is clear from the language of the PRC that Appellant was given a preemptive right to purchase the designated property. A contract granting a preemptive right is subject to the rule against perpetuities. *Kershner v. Hurlburt*, 277 S.W.2d 619, 623 (Mo.1955); *Nickels*, 764 S.W.2d at 132. "The Rule Against Perpetuities prohibits the granting of an estate which will not necessarily vest within a time limited by a life or lives then in being and 21 years thereafter, together with the period of gestation necessary to cover cases of posthumous birth." *Cole v. Peters*, 3 S.W.3d 846, 851 (Mo.App.1999). A preemptive right contract which violates this rule is void and unenforceable. *Id.*

In *Kershner*, the parties to the preemptive right contract were the Joneses as potential sellers and the Kershners as potential buyers. *Kershner*, 277 S.W.2d at 621. Our Supreme Court held that the contract did not violate the rule against perpetuities because the rights it conferred were "personal to the holders thereof and terminated at their deaths." *Id.* at 623. As the court explained:

> There is no specific provision that the contract shall be binding upon the heirs and assigns of the parties. Nor is there any indication in the contract that the parties intended that its terms would be binding beyond the lives of the parties. Thus, because the rights conferred by the contract were personal to the parties to it and did not extend beyond the periods of their respective lives, the in-

stant contract does not violate the rule against perpetuities. *Id.*

In *Cole*, however, the final clause of the preemptive right contract at issue stated that it was binding on the parties and "their heirs, executors, administrators and assigns." *Cole*, 3 S.W.3d at 852. In addition, the contract had no durational limit on when the preemptive right to purchase the property could be exercised. *Id.* at 849–50. The western district of this Court held that the preemptive right contract violated the rule against perpetuities for the following reasons:

> A preemption will not be enforceable if the interest cannot vest within 21 years and the period of gestation after some life in being at the creation of the interest.... [W]e can see how such an interest violates the Rule Against Perpetuities. When the owners granted the preemptive right to purchase Lot 1, they granted a right from themselves, their heirs and assigns to the buyers, their heirs and assigns. The duration of the agreement was thus extended for the lives of the parties, and their heirs and assigns. This was a clear violation of the Rule Against Perpetuities and therefore made the contract unenforceable.

*Id.* at 851–52 (citations omitted). If the contract had omitted the heirs and assigns language, it would have been enforceable because "a preemption does not violate the Rule Against Perpetuities if it is drafted so that it is personal to those making the promise." *Id.* at 852.

 In the case at bar, Hensley and Appellant were the lives in being when the preemptive right was created in 1996. The PRC stated that it was binding upon the executors, administrators, heirs, successors and assigns of Hensley and Appellant. In addition, the PRC contained no provision limiting the time period during

which the preemptive right could be exercised. Therefore, the parties clearly intended that the PRC would continue to be effective after their deaths. *Cole* is directly on point and supports our conclusion that the PRC was void and unenforceable because the contract violated the rule against perpetuities.[3]

The trial court reached the correct result when it granted Respondent's motion for summary judgment. Accordingly, the judgment is affirmed.

BARNEY and BURRELL, J., Concur.

---

**3.** Appellant argues that § 442.555 should be applied to remedy the violation of the rule against perpetuities. This same argument was made and rejected in *Cole.* The western district held that the heir and assigns clause, which modified the whole agreement, was *so* essential that ignoring it would disrupt the dispositive scheme. *Cole,* 3 S.W.3d at 852. We reach the same conclusion here.