Lori MORGAN, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Respondent.

No. SD 30654.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2011.

Motion for Rehearing and Transfer
Denied May 13, 2011.

Application for Transfer
Denied Aug. 30, 2011.

Aaron W. Smith, Columbia, MO, for Appellant.

Dale L. Beckerman, Kansas City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Lori Morgan ("Appellant") brought an equitable garnishment claim against State Farm Fire and Casualty Company ("State Farm") to satisfy a judgment rendered in a separate wrongful death action, in accordance with sections 379.200, 537.021 and 537.080.[1]  Each party moved for summary judgment.  The trial court granted State Farm's motion for summary judgment and denied Appellant's motion for summary judgment finding State Farm may raise policy defenses in this case, and no insurance policy was subject to the equitable garnishment action.  We affirm the judgment of the trial court.

### Facts and Procedural Background

A review of the facts and procedural background from the separate wrongful death action, and the current action, is necessary to understand the position of the parties in context.

### *The Separate Wrongful Death Action*

Richard D. Parchman, Jr. ("Richard"),[2] was the son of Richard D. Parchman, Sr.,

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

2. Due to identical surnames, for ease of reference, we refer to "Richard D. Parchman, Jr."

and Judith Parchman ("parents"). From November 2002 until his death on July 7, 2007, Richard lived at 500 South Robin in Duenweg, a residence owned by parents as rental property. He used 500 South Robin as his address for his vehicle registration and banking records. He received mail at a post office in Duenweg.

On July 7, 2007, Richard was operating an all terrain vehicle ("ATV") on a public road in Carthage. Latisha Doring ("Doring"), Appellant's decedent, was a passenger on the ATV. Richard failed to negotiate a curve and the ATV left the roadway resulting in the deaths of Richard and Doring.

At the time of the accident, parents also owned property in Carthage, Missouri ("Carthage residence"), and in Sun City West, Arizona ("Sun City West residence"). Parents resided at the Sun City West residence. Parents had obtained from State Farm a rental dwelling insurance policy for the Duenweg residence and homeowners' policies for the Carthage and Sun City West residences.

On November 5, 2007, Appellant brought a cause of action for wrongful death, pursuant to section 537.080, naming the following parties as defendants: (1) Empire District Electric Company; (2) Carthage Special Road District; (3) Thomas Mann ("Mann"), as defendant ad litem for Richard; and (4) parents, as representatives of the Estate of Richard D. Parchman Jr. No other parties were named as defendants at any time in the wrongful death action. Specifically, State Farm was never named as a defendant in the wrongful death action and never received formal service of a summons or petition.

Appellant also filed with the petition, a motion to appoint Mann as defendant ad litem, pursuant to section 537.021.1. Section 537.021.1 permits appointment of a

defendant ad litem if the decedent had liability insurance. The motion was sustained the next day. There is no record as to any proof or testimony offered with respect to insurance coverage for Richard. The motion was filed before any service was accomplished on Mann.

The fundamental issues framed by the pleadings were whether Richard was negligent in causing the death of Doring and if so, what damages Appellant may have sustained.

On December 17, 2007, Mann filed an answer through attorney Warren Harris ("Harris"), who had been retained by State Farm, subject to a reservation of its right to deny coverage. The reservation of rights letter was sent to Mann on December 20, 2007. As an affirmative defense, Mann asserted that

[Appellant] has failed to satisfy the statutory prerequisites of Section 537.021 for the appointment of a Defendant Ad Litem in that [Appellant] has failed to demonstrate that any insurance coverage exist[ed] for [Richard] and by entering an appearance on behalf of Defendant Ad Litem Thomas Mann, no entity or individual is admitting the existence of any insurance coverage.

On September 22, 2008, following some discovery, State Farm determined that Richard was not insured under any of its policies and was not covered for the operation of the ATV. Based on this conclusion, on September 26, 2008, Harris filed a motion to withdraw as attorney of record for Mann. That motion was sustained on November 5, 2008.

On November 19, 2008, Appellant filed a motion for partial summary judgment; it was uncontested by Mann. On January 12, 2009, the trial court entered judgment against Mann and State Farm with detailed findings as to State Farm's position

as "Richard." We mean no familiarity or          disrespect.

in the litigation and coverage afforded by State Farm.[3] All other parties, with the exception of Mann, were dismissed without prejudice.

On February 2, 2009, State Farm filed a "Motion for Leave to Intervene for the Purpose of Moving Pursuant to Rule of Civil Procedure 74.06(b)(4) to Set Aside as Void for Lack of Personal Jurisdiction so Much of the Judgment as Purports to Enter Judgment Against [State Farm] or to Move under Rule 73.01 to Amend the Judgment" because State Farm was not a named party in the litigation. The trial court sustained the motion and an amended judgment was entered, against Mann only, in the amount of $500,000. The amended judgment recited "that passenger "[Doring's] death was directly and proximately caused in part by driver [Richard's] negligence; that judgment is hereby entered in favor of [Appellant] against [Mann] in the amount of $500,000.00."

### The Equitable Garnishment Action

The current action for equitable garnishment was filed on December 31, 2009. The fundamental issues framed by the pleadings in this action are whether State Farm had one or more policies of insurance which would be available to satisfy the judgment in the wrongful death action, and whether post-judgment interest should be paid from the policies. Appellant seeks garnishment on the three policies issued by State Farm. All insurance policies are owned by parents and were for coverage for the residences mentioned above; Richard was not named in any capacity in the policies.

Each party filed a motion for summary judgment. The trial court granted State Farm's motion and denied Appellant's motion.[4] The trial court entered specific findings concluding: (1) State Farm could assert policy defenses; and (2) the insurance policies in question did not provide coverage for the underlying judgment because the ATV accident occurred on a public road and, therefore, the accident was excluded by operation of the motor vehicle exclusion for ATV's contained within the policies.

Appellant raises three points on appeal. Appellant's points relied on violate Rule 84.04[5] in that the points are multifarious and do not specifically identify the legal reasons for Appellant's claim of reversible error with an explanation in summary fashion as to why those reasons support the claim of reversible error.[6] *See*

3. The judgment concluded in part: "[T]hat Attorney [Harris] was retained by [State Farm], the real party in interest in this lawsuit; ... that deceased wrongdoer, [Richard] was insured against liability for damages claimed by [Appellant] and those damages may be recovered from [Richard's] insurer, [State Farm], in the amount of...."

4. Appellant's record on appeal originally did not contain the trial court's "Order Denying Plaintiff's Motion for Summary Judgment." However, Appellant subsequently filed "Appellant's Motion to Supplement Appendix" to include this order. We sustain Appellant's motion and accept the order as part of the record.

5. All rule references are to Missouri Court Rules (2010).

6. By way of example, Appellant's first point states:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RULED THAT AN INSURANCE COMPANY CAN PRESERVE POLICY DEFENSES BY ISSUING A RESERVATION OF RIGHTS LETTER TO A DEFENDANT AD LITEM IN A WRONGFUL DEATH ACTION BECAUSE: 1) THE INSURANCE COMPANY IS THE REAL PARTY IN INTEREST IN A WRONGFUL DEATH ACTION INVOLVING A DEFENDANT AD LITEM; 2) A DEFENDANT AD LITEM HAS NO AUTHORITY TO ACCEPT OR REFUSE A DEFENSE UNDER THE RESERVATION OF RIGHTS OR EVEN PARTICIPATE IN THE DEFENSE; 3) THE LIABILITY INSURER IS REQUIRED TO FORMALLY CONTEST THE APPOINT-

Rule 84.04(d). Deficient points preserve nothing for appellate review; however, we may choose to review them if the deficiency does not impede a disposition on the merits. *DeLong Plumbing Two, Inc. v. 3050 N. Kenwood LLC*, 304 S.W.3d 784, 788 (Mo.App. S.D.2010). Because we believe we are able to discern Appellant's position from the points relied on, Appellant's argument, and further clarification during oral argument, we choose to review them *ex gratia*.[7]

As best we can discern, Appellant's first two points contend the trial court erred as a matter of law in concluding State Farm may raise policy defenses in this case because State Farm: (1) waived its right to assert policy defenses; and (2) is barred from raising policy defenses, by operation of res judicata or collateral estoppel.[8] Appellant also contends the trial court erred by failing to enter post-judgment interest for Appellant from the time the final judgment was entered against Mann in the wrongful death lawsuit. Appellant does not challenge the trial court's policy interpretation of the exclusion provisions and the ultimate conclusion that no policy was available to garnish.

State Farm contends its policy defenses were appropriate in this equitable garnishment action and any issues as to interest on the separate judgment were required to be addressed in that action and not in this equitable garnishment action. The primary issues presented for our determination are:

1. Did State Farm waive its policy defenses prior to the filing of the equitable garnishment action?

2. Are State Farm's policy defenses barred by principles of res judicata or collateral estoppel?

### Standard of Review

■ Appellate review of a grant of summary judgment is *de novo*. *Kinnaman–Carson v. Westport Ins. Corp.*, 283 S.W.3d 761, 764 (Mo. banc 2009). "The Court reviews the record in the light most favorable to the party against whom summary judgment was entered." *Id.* " 'The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially.' " *Id.* (quoting *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). " 'Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law.' " *Id.* at 765 (quoting *ITT Commercial Finance*, 854 S.W.2d at 376).

---

MENT OF THE DEFENDANT AD LITEM IN ORDER TO PRESERVE POLICY DEFENSES; AND 4) THE TRIAL COURT'S RULING MAKES THE STATE LAW DISTINCTION BETWEEN PERSONAL RE-PRESERENTATIVES AND DEFENDANTS AD LITEM MEANINGLESS ACCORDING TO THE EIGHTH CIRCUIT COURT OF APPEALS.

7. We also note addressing Appellant's arguments is further complicated by the fact Appellant repeatedly makes lengthy arguments about the relationship between State Farm and Mann with no citation to legal support.

8. Appellant also alleges State Farm "permitted the final judgment against [Mann] to stand and chose not to file any post-judgment motions or an appeal." This fact, however, does not aid Appellant. After State Farm filed its motion to intervene to set aside as void the judgment as it purports to enter judgment against State Farm for lack of jurisdiction, the trial court sustained State Farm's motion and entered an "Amended Order and Entry of Judgment," which did not include State Farm in any capacity. Appellant did not appeal the ruling of the trial court whereby it sustained State Farm's motion and entered an amended judgment.

## *State Farm Did Not Waive its Right to Raise a Coverage Defense*

■ Appellant argues State Farm waived its right to raise and pursue a coverage defense in the underlying wrongful death action. Because the record is void of any express or implied conduct by State Farm to relinquish this right, we find State Farm did not waive its right to assert a coverage defense in this action.

■ "Waiver is the intentional relinquishment of a known right." *Whitney v. Aetna Cas. & Sur. Co.*, 16 S.W.3d 729, 733 (Mo.App. E.D.2000). "Waiver may be express or implied by conduct that clearly and unequivocally shows a purpose by the insurer to relinquish a contractual right." *Id.* Waiver is not preferred as a basis for finding an insurer has relinquished policy defenses; estoppel, with some element of unfairness, lack of notice, or other detriment to the insured, is the preferred theory when the insurer elects a policy defense. *Century Fire Sprinklers, Inc. v. CNA/Transportation Ins. Co.*, 87 S.W.3d 408, 416 (Mo.App. W.D.2002).

Appellant contends State Farm "waived any and all policy defenses" when State Farm's attorney withdrew as the representative for Mann without contesting the appointment of the defendant ad litem and without contesting coverage. Appellant cites to no legal authority supporting its assertions that State Farm's conduct in this case manifests an intent to relinquish State Farm's right to assert a coverage defense, and we find none.

Appellant's waiver argument appears to be based on the fact that Mann was appointed defendant ad litem for Richard under section 537.021.1 and Appellant's misperception that statute required resolution of coverage issues in the damage action. Section 537.021.1 [9] is a statute designed to streamline procedure and simplify the burdensome process of normal estate administration in cases where there is no probate estate and liability insurance coverage for the decedent tortfeasor may be available; it substitutes the so-called defendant ad litem for the formerly required administrator and the defendant ad litem is to serve as the named defendant

---

9. Section 537.021.1 provides:

1. The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
   . . . .
   (2) A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem. The defendant ad litem when so appointed shall serve and act as the named party defendant in such actions in the capacity of legal representative

of the deceased wrongdoer and such appointment and any proceedings had or judgment rendered in such cause after such appointment shall be binding on the insurer of such deceased wrongdoer to the same extent as if a personal representative had acted as the legal representative of such deceased wrongdoer in such cause of action. Should the plaintiff in such cause of action desire to satisfy any portion of a judgment rendered thereon out of the assets of the estate of such deceased wrongdoer, such action shall be maintained against a personal representative appointed by the probate division of the circuit court and the plaintiff shall comply with the provisions of the probate code with respect to claims against decedents' estates. Nothing in this section shall be construed to permit a plaintiff in such cause of action to pursue other assets of a decedent's estate after the expiration of the time provided in section 473.444, RSMo.

in the capacity of the deceased's legal representative. *Smith v. Tang*, 926 S.W.2d 716, 721 (Mo.App. E.D.1996); *McConnell v. Kelly*, 860 S.W.2d 362, 363 (Mo.App. E.D.1993). The statute specifies the judgment is only binding to the same effect as a judgment taken against a personal representative. § 537.021.1. Nothing in this statute indicates the appointment of the defendant ad litem is binding as to the existence of insurance coverage.[10]

Appellant concludes that because Missouri cases have described the insurer as the "real defendant" where the trial court appointed a defendant ad litem, this means State Farm was before the court in the damage action in the person of the defendant ad litem. This conclusion is legally unfounded.[11]

There was a difference between Mann and State Farm—Mann, as defendant ad litem, was a party to the damage action as the legal representative of Richard. State Farm was not a party; State Farm was not named in the petition and did not appear before the court in any capacity except as an intervenor for a limited purpose of correcting the judgment. This important distinction is exemplified in *McConnell*, where the trial court erroneously appointed the insurer as defendant ad litem. The Eastern District recognized: "The court appointed [insurer] as defendant ad litem. It was before the

court in that capacity only. [Insurer] was not and could not be made a party or be directly liable on plaintiff's claim for wrongful death." *McConnell*, 860 S.W.2d at 364.

Moreover, State Farm was not in a position to raise policy defenses in the damage action and could not intervene as a matter of right since there was no judgment against its putative insured. *See Lodigensky v. American States Preferred Ins. Co.*, 898 S.W.2d 661, 666 (Mo.App. W.D.1995). Prior cases, where a defendant ad litem was appointed, have permitted coverage issues to be litigated in later proceedings. *McConnell*, 860 S.W.2d at 364.[12]

Additionally, as legal representative to Mann (*not State Farm*), Harris was not in a position to contest a policy coverage issue with Mann. This would result in a conflict of interest because Mann, as defendant ad litem, "has an obligation to claim and prove coverage on behalf of [the deceased tortfeasor]." *McConnell*, 860 S.W.2d at 364.

Finally, State Farm's conduct does not clearly and unequivocally demonstrate a purpose to relinquish its right to deny coverage based on the policies' exclusion clause. In fact, the evidence demonstrates State Farm did not intend to relinquish its right to assert a coverage defense. For example, State Farm issued a reservation of rights letter to Mann and expressed its

10. The facts of this case are illustrative of potential due process violations that could arise from making appointment of the defendant ad litem binding on the issue of insurance coverage in the underlying suit—Appellant filed her motion to appoint Mann as defendant ad litem on the same day she filed her cause of action. The very next day, the trial court sustained Appellant's motion, even before any service was accomplished on Mann. Additionally, the record is void of any proof offered to establish Richard was insured against liability for damages by State Farm. Appellant attempts to argue here that insurance coverage was established when the court

sustained the motion, although the motion was presented ex parte and sustained without any record of proof.

11. The purpose of using "real defendant" is to recognize, pursuant to section 537.021, the defendant ad litem is not defending any assets of an estate that decedent may have left behind, and is not personally liable for damages.

12. The *McConnell* court noted that: "If coverage is a disputed fact, it would ordinarily be decided after judgment during enforcement of judgment proceedings." *Id.* at 364.

intent to reserve its rights to assert these coverage defenses.[13] State Farm also sent a letter to Harris explaining State Farm would no longer provide indemnity or a defense to Richard for the claims in the underlying lawsuit because State Farm made a determination there was no coverage for the claim. Accordingly, we find no evidence that State Farm, expressly or impliedly, waived its right to assert a policy coverage defense.

This result does not offend the decision in *Kinnaman–Carson*. There, our supreme court held an insurer's agreement "to defend the lawsuit against [insured] without a reservation of rights preclude[d] it from later asserting a coverage defense against the [injured plaintiff] in their sepa-

rate garnishment action." 283 S.W.3d at 766. In that case, the insurer's counsel advised the insured towing company "that [insurer] had dropped its reservation of rights and agreed to defend the suit without reservation." *Id.* at 763. It was the insurer's specific conduct of agreeing to defend the underlying suit without a reservation of rights that waived the insurer's right to assert a coverage defense in the garnishment proceedings. *Id.* at 766. This same conduct is not present in the case at hand. The case at hand is primarily distinguishable from *Kinnaman–Carson* because it involves a defendant ad litem, rather than an actual insured. *Kinnaman–Carson* is inapposite and does not provide support to Appellant's contention.[14]

13. We note State Farm's reservation of rights letter may not have been necessary under these facts. The reservation of rights letter issued to Mann does not have the legal effect of preserving its right to assert a policy defense as may be the case if an insured were involved. In *Atlanta Cas. Co. v. Stephens*, 825 S.W.2d 330, 334 (Mo.App. W.D.1992), the plaintiff argued defendant had waived its right to assert its coverage defenses because it had issued its reservation of rights letter to the estate but not to the defendant ad litem. The Western District rejected this argument because the defendant ad litem did not defend assets of the estate and it was "not necessary for [insurer] to provide notice of a reservation of rights to the defendant ad litem to avoid waiver of the defense of non-liability." *Id.* A reservation of rights "puts the insured on notice that there may be a conflict between the insured's interests and those of the insurance company and that the insured may be exposed to personal liability not covered by insurance." *Id.* at 333. A defendant ad litem, under section 537.021, has no potential for personal liability, which obviates the need for a reservation of rights to a defendant ad litem. *Id.* Where a defendant ad litem is involved, this notice is not required and essentially has no legal effect because the defendant ad litem is not personally liable. However, we decline to find that State Farm's issuance of a reservation of rights to Mann, out of an abundance of caution, had an ad-

verse effect on State Farm's right to later assert a coverage defense.

14. Appellant also appears to argue the trial court erred in ruling that State Farm preserved its policy defenses by issuing a reservation of rights letter to Mann and in misinterpreting *Kinnaman–Carson* as involving a defendant ad litem. The trial court noted:

In Kinman [sic] the insurance company undertook, belatedly, the representation of the defendant ad litem without reservation of rights. In this case the insurance company first represented the defendant ad litem with a reservation of rights and then denied coverage completely.

Appellant is correct that the trial court's distinction between *Kinnaman–Carson* and this case is mistaken in that: (1) the issuance of the reservation of rights to a defendant ad litem does not have the effect of affirmatively preserving a policy defense; and (2) *Kinnaman–Carson* did not involve a defendant ad litem. Nevertheless, these errors do not entitle Appellant to reversal. A summary judgment can be affirmed on any theory that is supported by the record. *Hensley–O'Neal v. Metro. Nat. Bank*, 297 S.W.3d 610, 614 (Mo. App. S.D.2009). Although here the trial court distinguishes this case based on the issuance of the reservation of rights, the important distinction is actually the fact that *Kinnaman–Carson* involved an actual insured—not a defendant ad litem—as does the case at hand. Accordingly, the trial court's error in distin-

"An insurer is not required to provide coverage where the effect would be that of providing coverage where none exists under the policy's terms." *State Farm Mut. Auto. Ins. Co. v. Zumwalt*, 825 S.W.2d 906, 910 (Mo.App. S.D.1992). We hold State Farm's conduct, considered as a whole, did not clearly and unequivocally demonstrate a purpose to relinquish its right to rely on the exclusion clause as a basis for denying coverage. *Id.* at 909–10. Thus, State Farm did not waive its right to assert policy defenses in this proceeding.

### Neither Res Judicata Nor Collateral Estoppel Precluded State Farm From Asserting a Coverage Defense

Appellant alleges State Farm was precluded by the doctrine of res judicata from asserting a coverage defense at the garnishment proceeding. However, res judicata does not prevent State Farm from contesting coverage for Appellant's judgment against Mann because the required identities are absent.

"Res judicata 'precludes the same parties ... from relitigating the same cause of action.'" *Creative Walking, Inc. v. Am. States Ins. Co.*, 25 S.W.3d 682, 686 (Mo.App. E.D.2000) (quoting *Elam v. City of St. Ann*, 784 S.W.2d 330, 334 (Mo. App. E.D.1990)). "'A final judgment, rendered on the merits, by a court of competent jurisdiction is conclusive as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.'" *Id.* (quoting *State ex rel. J.E. Dunn Const. Co. v. Fairness in Const. Bd. of City of Kansas City*, 960 S.W.2d 507, 512 (Mo.App. W.D.1997)). In order for res judicata to apply, four identities must exist: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity

of the quality of the person for or against whom the claim is made. *Id.* "Res judicata applies to 'every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time.'" *Id.* (quoting *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991)).

Appellant is misguided in stating these four identities are present in both cases. In regards to "identity of the cause of action," Appellant concludes "both claims involved State Farm coverage defenses." This is not accurate. In the damage suit, the cause of action was in tort for wrongful death against the alleged tortfeasors; potential insurance coverage for Richard was not placed at issue in any pleading pursuant to Rule 55.01. In contrast, the garnishment suit is an action in contract against State Farm for insurance coverage. There is no claim that State Farm was responsible for the death of Doring. Liability and damages for Doring's death were established in the tort suit. As discussed previously, State Farm did not have the right to intervene to contest the issue of insurance coverage in the wrongful death suit. The absence of this element is dispositive and we need not discuss the remaining elements.

Accordingly, State Farm was not precluded by res judicata from asserting a coverage defense at the garnishment proceeding. *See Houston Gen. Ins. Co. v. Lackey*, 907 S.W.2d 177, 179–80 (Mo.App. W.D.1995) (finding question of insurance coverage was not addressed in the underlying tort suit and therefore was not barred by res judicata).

guishing this case from *Kinnaman–Carson*, is of no consequence to determining whether

State Farm's coverage defenses were in fact waived.

■ Similarly, Appellant argues State Farm was barred by the doctrine of collateral estoppel from asserting a coverage defense at the garnishment proceeding. We disagree.

■ The doctrine of collateral estoppel bars an issue judicially determined in one action from being relitigated in another action. *Shahan v. Shahan,* 988 S.W.2d 529, 532 (Mo. banc 1999). "Collateral estoppel only pertains to those issues which were necessarily and unambiguously decided." *King Gen. Contractors, Inc.,* 821 S.W.2d at 501. When deciding whether collateral estoppel is appropriate, courts should consider whether: (1) the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Shahan,* 988 S.W.2d at 532–33. "Collateral estoppel will not be applied where to do so would be inequitable." *Wilkes v. St. Paul Fire & Marine Ins. Co.,* 92 S.W.3d 116, 120 (Mo.App. E.D. 2002).

Collateral estoppel is not applicable in the present case because none of the factors weigh in favor of estoppel. The judgment in the wrongful death suit established the liability for the death of Doring and fixed the amount of damages; however, the issue of State Farm's liability must be decided by the provisions of the contract of insurance. *See Drennen v. Wren,* 416 S.W.2d 229, 234 (Mo.App. Spfld.D 1967). Although a defendant ad litem was in fact appointed, there is nothing in the record that indicates the issue of liability coverage was adjudicated in the prior proceeding. As discussed, *supra,* State Farm was not before the trial court as a party in the wrongful death action and was unable to raise the substantive issue of insurance coverage; a final judgment on coverage, binding upon State Farm, could not be made based on an affirmative defense filed by Mann.

Because the issues in the wrongful death and the garnishment actions were not identical, the parties were not identical, the appointment of the defendant ad litem was not a judgment on the merits of liability insurance coverage, and State Farm did not have a full and fair opportunity to litigate the issue of insurance coverage, collateral estoppel does not bar State Farm's raising a coverage defense in the garnishment action. *See Shahan,* 988 S.W.2d at 533. If we were to rule, as Appellant urges, that State Farm is estopped from asserting a coverage defense, we would employ the doctrine of collateral estoppel to create coverage where it did not exist. This we cannot do. *See Whitney,* 16 S.W.3d at 733–34. State Farm was not collaterally estopped from asserting a coverage defense at the garnishment proceeding.

Accordingly, Appellant's Points I and II are denied.

### Appellant is Not Entitled to Interest

■ In Appellant's final point, she argues the trial court erred as a matter of law in failing to enter post-judgment interest against State Farm from the time the final judgment in the wrongful death action was entered against Mann. In light of our disposition on Appellant's other points, affirming the trial court's grant of summary judgment for State Farm, Appellant's final point is rendered moot. We will only address a moot point if it "presents a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary review . . . or it is likely

to come up again on remand." *King v. Young*, 304 S.W.3d 224, 228 (Mo.App. E.D. 2009) (internal quotation and citation omitted). Neither exception applies in this case. Point III is denied.

Accordingly, the judgment of the trial court is affirmed.

SCOTT, C.J., and RAHMEYER, P.J., Concur.