In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

MICHAEL SCOBEE AND ) No. ED108712
LINDA SCOBEE, )
 )
 Plaintiffs/Respondents, ) Appeal from the Circuit Court
 ) of St. Louis County
vs. )
 )
LAUREN NORRIS, as Defendant Ad Litem ) Honorable Richard M. Stewart
for WILLIAM NORRIS, )
 )
 Defendant/Appellant. ) Filed: February 16, 2021

 Introduction

 Lauren Norris, as Defendant Ad Litem acting of behalf of decedent William Norris

(Appellant), appeals from the judgment of the trial court denying her motion to amend the

judgment entered upon the jury’s verdict. We affirm.

 Factual and Procedural Background

 Michael Scobee and Linda Scobee (Respondents) brought an action against William

Norris (Decedent) for personal injuries resulting from a motor vehicle accident which took place

on April 4, 2015. Decedent died on March 16, 2018. Seth Gausnell was appointed to act on

behalf of Decedent as defendant ad litem. However, on September 20, 2019, three days before

the jury trial, Lauren Norris, Decedent’s widow, was substituted as defendant ad litem over

Respondents’ objection.

 1
 The trial lasted four days. Before the jury returned its verdict, Appellant informed the

court of Decedent’s relevant liability policy with USAA Insurance Company (USAA). Appellant

also notified the court that she was going to request that any jury award be reduced to the policy

limit, which Appellant claimed was $100,000. The trial court took no further action at the time

and indicated it would consider the issue post-trial.

 On September 27, 2019, the jury returned its verdict for Respondents, assessing total

damages at $7 million. Citing section 537.021,1 Appellant requested the judgment be reduced to

Decedent’s policy limit with USAA. The trial court denied Appellant’s request and entered

judgment on October 10, 2019. Appellant then filed a motion for new trial and an alternative

motion to amend the judgment to reduce the award of damages to the insurance policy limit.

Both motions were denied.

 This appeal follows.

 Section 537.021.1

 Section 537.021.1 was created “to simplify [the] burdensome procedure of normal estate

administration in cases where there was no probate estate and the liability insurer was the ‘real

defendant.’” State ex rel. Gannon v. Gaertner, 592 S.W.2d 214, 216 (Mo. App. E.D. 1979). “The

purpose of using ‘real defendant’ is to recognize, pursuant to section 537.021, the defendant ad

litem is not defending any assets of an estate that decedent may have left behind, and is not

personally liable for damages.” Morgan v. State Farm Fire & Cas. Co., 344 S.W.3d 771, 778

n.11 (Mo. App. S.D. 2011). The defendant ad litem serves as the deceased’s legal representative,

taking the place of the formerly required administrator. Id. Section 537.021.1 states:

 1. The existence of a cause of action for an injury to property, for a personal injury
 not resulting in death, or for wrongful death, which action survives the death of the

1
 All statutory references are to RSMo 2000 unless otherwise indicated.

 2
 wrongdoer or the person injured, or both, shall authorize and require the
 appointment by a probate division of the circuit court of:
 ...
 (2) A personal representative of the estate of a wrongdoer upon the death of such
 wrongdoer; provided that, if a deceased wrongdoer was insured against liability for
 damages for wrongdoing and damages may be recovered from the wrongdoer's
 liability insurer, then the court in which any such cause of action is brought shall
 appoint at the request of the plaintiff or other interested party a qualified person to
 be known as a defendant ad litem. The defendant ad litem when so appointed shall
 serve and act as the named party defendant in such actions in the capacity of legal
 representative of the deceased wrongdoer and such appointment and any
 proceedings had or judgment rendered in such cause after such appointment shall
 be binding on the insurer of such deceased wrongdoer to the same extent as if a
 personal representative had acted as the legal representative of such deceased
 wrongdoer in such cause of action. Should the plaintiff in such cause of action
 desire to satisfy any portion of a judgment rendered thereon out of the assets of the
 estate of such deceased wrongdoer, such action shall be maintained against a
 personal representative appointed by the probate division of the circuit court and
 the plaintiff shall comply with the provisions of the probate code with respect to
 claims against decedents’ estates. Nothing in this section shall be construed to
 permit a plaintiff in such cause of action to pursue other assets of a decedent’s estate
 after the expiration of the time provided in section 473.444.

 Section 537.021.1 lists two ways to recover against a deceased wrongdoer. First, the

court may appoint a defendant ad litem the plaintiff can then attempt to recover against. Id.

Significantly, the defendant ad litem is tasked with representing the interests of the deceased

wrongdoer and the plaintiff can only recover against the deceased wrongdoer’s liability

insurance. Id. Second, a plaintiff can recover against both the deceased wrongdoer’s estate and

his liability insurance, as long as the plaintiff takes certain actions. Id. Here, both parties agree

this case deals with only the first option—recovery against the deceased wrongdoer’s liability

insurance.

 Points Relied On

 Appellant raises two points on appeal. In her first point, Appellant claims the trial court

erred by failing to reduce the jury’s award to Decedent’s policy limit with USAA. In her second

point, Appellant claims the trial court erred in denying her motion to amend the judgment

 3
because Respondents are limited to USAA’s policy limit and therefore unable to collect under a

future bad faith claim.

 Standard of Review

 The facts surrounding this matter are not disputed. Instead, Appellant claims the trial

court erred in its interpretation and application of section 537.021, when it refused to reduce the

jury’s award to Decedent’s alleged insurance policy limit and refused to amend the judgment to

disallow any potential award under a bad faith claim. “The interpretation of a statute is a

question of law and is reviewed de novo” Dodson v. Ferrara, 491 S.W.3d 542, 551 (Mo. banc

2016).

 This Court resolves ambiguities in statutes by determining the intent of the
 legislature and by giving effect to its intent whenever possible. In determining
 legislative intent, no portion of a statute is read in isolation, but rather is read in
 context to the entire statute, harmonizing all provisions. This Court may apply rules
 of statutory construction to resolve any ambiguities if the legislative intent is
 undeterminable from the plain meaning of the statutory language. Further,
 construction of a statute should avoid unreasonable or absurd results.

Aquila Foreign Qualifications Corp. v. Dir. of Revenue, 362 S.W.3d 1, 4 (Mo. banc 2012)

(internal citations omitted).

 Award Reduction Pursuant to Section 537.021

 Discussion

 Appellant claims the trial court erred by failing to reduce the jury’s award to Decedent’s

alleged policy limit with USAA. Appellant is advocating on behalf of USAA for the trial court to

reduce the jury’s award from $7 million to $100,000, arguing Respondents cannot collect from

Decedent’s estate and can only collect up to Decedent’s policy limit from USAA. We disagree

with Appellant’s claim for several reasons.

 4
 Section 537.021 simplifies and streamlines the procedure for collection in state cases

focusing solely upon liability insurance coverage. Morgan, 344 S.W.3d at 777-78. However,

section 537.021 does not contain any language suggesting the court should modify a jury award

based on the defendant’s alleged insurance policy limits. In fact, the question of damages in a

plaintiff’s tort claim is separate and distinct from the later question of recovering against an

insurer under a liability policy. Id. at 778. “If coverage is a disputed fact, it would ordinarily be

decided after judgment during enforcement of judgment proceedings.” McConnell v. Kelly, 860

S.W.2d 362, 364 (Mo. App. E.D. 1993).

 Nonetheless, Appellant attempts to support her argument by referencing legislative

history and secondary sources that state a judgment against a defendant ad litem will bind the

insurer and be the only available source of recovery. See, e.g., 34 Mo. Prac., Personal Injury and

Torts Handbook § 2.14.1(f) (2020). Relying on these statements, Appellant argues the court must

limit Respondents’ recovery to Decedent’s policy limit with USAA because the insurance policy

is the only available source of recovery. However, Appellant incorrectly assumes the statute

requires resolution of coverage issues in Respondents’ damages action, and her argument

impermissibly intermingles the roles of a defendant ad litem and insurer.

 We have previously addressed the distinction between insurers and defendants ad litem.

McConnell, 860 S.W.2d 362. In McConnell, the deceased wrongdoer’s insurer, Universal, was

appointed as defendant ad litem pursuant to section 537.021.1(2). Id. at 363. Upon a challenge to

the propriety of the appointment, the trial court held appointing Universal was proper under

section 537.021. Id. However, this Court disagreed, holding that Universal was not an

appropriate defendant ad litem because of its conflicting role as the deceased wrongdoer’s

insurer. Id. at 364. Specifically, we stated “Universal, as defendant ad litem, has an obligation to

 5
claim and prove coverage on behalf of [the deceased wrongdoer]. As an insurer of co-defendants,

it may have contra obligations.” Id. Moreover, we explained that Universal was not before the

court in its role as an insurer. Therefore, a “final judgment on coverage, binding upon Universal,

could not be made on a motion filed by Universal as defendant ad litem.” Id.

 Here, as a defendant ad litem, Appellant has a duty “to demand coverage and claim and

prove agency.” Id. On the other hand, USAA, as Decedent’s insurer, has its own interests in

denying or minimizing its liability. Thus, by seeking to reduce the verdict, Appellant is no longer

acting on behalf of Decedent as is required under section 537.021 and is instead advancing the

interests of USAA.

 Additionally, USAA is not a party and has not been before the court in this action.

Therefore, a final, binding judgment on coverage cannot be made based on Appellant’s motion.

Id. See also Morgan, 344 S.W.3d at 778 (“Nothing in [section 537.021] indicates the

appointment of the defendant ad litem is binding as to the existence of insurance coverage.”).

Decedent’s policy limit has not been conclusively established, and as set forth in McConnell, we

will not litigate underlying issues of coverage in this tort action.

 Point I is denied.

 The Availability of Bad Faith Claims

 Appellant further claims the trial court erred by failing to amend the judgment because

Respondents are not legally entitled to recover for bad faith claims. We disagree with

Appellant’s claim for several reasons.

 First, as discussed above, Appellant improperly attempts to bring issues of insurance

coverage and collections into an action for damages involving a defendant ad litem. Whether

 6
Decedent is liable to Respondents for their personal injuries and whether USAA may be liable

for having acted in bad faith during settlement discussions are two distinct questions.

 Additionally, a bad faith claim has not been raised in this matter and any ruling upon a

potential bad faith claim would merely be advisory and not ripe. Reeves v. Kander, 462 S.W.3d

853, 857 (Mo. App. W.D. 2015). “Ripeness is a ‘tool’ of the court, which is used to determine

whether a controversy is ‘ripe’ or ready for judicial review, or whether by conducting the review,

we would simply be rendering an advisory opinion on some future set of circumstances, which

we are not permitted to do.” Id. The Missouri Supreme Court has stated:

 Even when a party has standing, however, the claims must also be ripe, which
 requires the dispute to be ‘developed sufficiently to allow the court to make an
 accurate determination of the facts, to resolve a conflict that is presently existing,
 and to grant specific relief....’ A claim is not ripe for adjudication if it ‘rests upon
 contingent future events that may not occur as anticipated, or indeed may not
 occur at all.’

Geier v. Missouri Ethics Comm’n, 474 S.W.3d 560, 569 (Mo. banc 2015), quoting Texas v.

United States, 523 U.S. 296, 300 (1998). Because “[w]e cannot and do not render advisory

opinions,” it would be improper for us to rule upon a bad faith claim that has yet to be filed. See

Matter of Estate of Van Cleave, 574 S.W.2d 375, 376 (Mo. banc 1978).

 Point II is denied.

 Conclusion

 The judgment of the trial court is affirmed.

 SHERRI B. SULLIVAN, J.

Robin Ransom, P.J., and Lisa P. Page, J., concur.

 7